440 So.2d 68 (1983)
Ray THOMPSON, Appellant,
v.
Lilian B. KORUPP, Appellee.
No. AR-373.
District Court of Appeal of Florida, First District.
November 10, 1983.
*69 Michael W. Mead, Fort Walton Beach, for appellant.
George C. Cox, Fort Walton Beach, for appellee.
ZEHMER, Judge.
Ray Thompson and Lilian B. Korupp, married in 1972, were divorced in 1977. After the divorce, Ms. Korupp's minor child remained in the custody of Mr. Thompson. The child had been born out of wedlock prior to Thompson and Korupp's marriage, and the natural father of the child was Udo Grudzinski, a resident of Germany. From the time the child was fourteen years of age until he reached eighteen, Mr. Thompson and the child resided in the former marital home and Mr. Thompson cared for and supported the child. During this same time period Ms. Korupp, who no longer lived with Mr. Thompson, was receiving child support payments from Udo Grudzinski and accumulated nearly $15,000 in such payments. When the child reached eighteen years of age, Thompson filed a complaint against Korupp, on a quasi-contract theory with respect to the child support payments received by her, seeking an accounting and a judgment in the amount of $15,000 (representing the amount of money he spent in raising the minor child since the parties were divorced). The trial court ruled against Thompson and entered final judgment for Korupp. Thompson appeals, contending that the trial court erred as a matter of law when it failed to recognize the existence of a quasi-contract on behalf of Thompson with respect to the support payments received by Korupp. We affirm.
There is competent substantial evidence in the record showing that Thompson was compensated by Korupp for care of her child by his exclusive use and possession of the marital home until the child reached eighteen years of age and by his claiming the child as a dependent for income tax and military benefit purposes. Pursuant to the divorce decree, Korupp had the right to partition the marital home one year after the divorce, but did not attempt to do so until Thompson filed this action.
Nor, as appellant argues, has appellee necessarily been unjustly enriched by the support payments not passed on to him. Child support payments are for the benefit of the child, not the parent, and a recipient of support payments receives the monies not in his or her own right, but in trust for the child as the cestui que trust. Cronebaugh *70 v. Van Dyke, 415 So.2d 738 (Fla. 5th DCA 1982); Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979). Korupp contends that she has saved nearly all of the child support payments received from the child's natural father to be used for the benefit of the child's future education. This is commendable and in keeping with the rule of law that support payments are for the benefit of the child, not the parent.
We affirm the judgment of the trial court denying Thompson an accounting and recovery based on unjust enrichment. We specifically note, however, that our decision does not pass upon, and thus is without prejudice to, the child's right to bring an action for an accounting, for imposition of a trust, or to otherwise establish a legitimate claim to his child support payments held by Korupp.
AFFIRMED.
MILLS and SHIVERS, JJ., concur.