PER CURIAM.
Although we affirm the trial court’s order on the merits, we remand, nevertheless, because section 61.30(13), Florida Statutes (1996), provides: “If the recurring income is not sufficient to meet the needs of the child, the court may order child support to be paid from nonrecurring income or assets.” The trial court did not make any findings as to whether or not the child’s needs were being met by the child support amount which was based solely on the parties’ recurring income. The trial court is directed to do so on remand because it is not apparent from the record that the child’s needs are being met. If the child’s needs are not being met, it is to consider invading the nonrecurring income or assets of both parties in order to meet the child’s needs.
With respect to the trial court’s denial of the former wife’s attorney’s fees, the trial court’s analysis does not take into account the fact that while former husband claimed his home mortgage as a $108,076 liability, he was receiving payments from the business to pay off this mortgage ($8,840 in 1995). The former husband having loaned to the business approximately $100,000 of the money obtained from the home mortgage, this'repayment to him would offset his home mortgage liability and place him in a financially superior position to the former wife, thus strongly suggesting that the former wife should have received at least a portion of her fees and costs. In considering the relative financial resources of the parties in deciding whether to award fees and costs in a domestic case, the court may consider the non-marital assets of the parties and not just the parties’ incomes. See Chandler v. Chandler, 624 So.2d 855 (Fla. 4th DCA 1993).
On remand, the trial court is directed to revisit the fee issue by setting forth its findings on the assets and liabilities of the parties. It should then reconsider the relative financial positions of the parties and whether a fee award to the former wife is appropriate.
GLICKSTEIN, PARIENTE and GROSS, JJ., concur.