707 So.2d 407 (1998)
Mark CLAYTON, Appellant/Cross-Appellee,
v.
Glenda LLOYD, Appellee/Cross-Appellant.
No. 97-0090.
District Court of Appeal of Florida, Fourth District.
March 18, 1998.
Grady Charles Irvin, Jr., Tampa, for appellant/cross-appellee.
Charles W. Cherry, II, Fort Lauderdale, for appellee/cross-appellant.
DELL, Judge.
Appellant contends that the trial court abused its discretion by rejecting the court-appointed expert's determination of the amount of his net income, by imputing income for child support, and by deviating from the child support guidelines without first determining that his child's needs exceeded the guideline amount. We reverse and remand for redetermination of the award of child support.
On September 25, 1995, appellee filed an action for determination of paternity and child support. Appellant admitted paternity, leaving the award of child support to be calculated. Appellant acquired substantial assets during his eleven-year professional football career. He currently earns approximately $38,000.00 per year. Appellant's financial affidavit stated a monthly income of $3,105.00; monthly expenses of $18,513.00; and a monthly deficit of $13,219.00. Appellee filed two financial affidavits. Her amended affidavit stated a net monthly income of approximately $800.00, and child care expenses, in addition to ordinary household expenses, of approximately $200.00 per month.
The trial court expressed concern that appellant was depleting his assets to meet his significant expenses. After the parties presented conflicting testimony on appellant's available income, the court stated, "Certainly if [appellant] can show through his documents that he's living on capital and all he's making is thirty odd thousand dollars, that's the amount the child support will be calculated on." The court ordered an expert, Norman Kronstadt, to examine appellant's records and determine his financial status. Mr. Kronstadt found that appellant's net monthly income was $1,636, but noted that this amount might vary depending on whether certain items were of a recurring nature.
*408 Based on appellant's lifestyle, the trial judge concluded that it would impute income for child support purposes:
So, I'm going to go with Mr. Clayton's lifestyle and I'm going to impute the income of $8,270 to him ... keeping in mind that Mr. Clayton is in a situation which he needs to remedy as soon as possible, so I'm going to impute the income of $8,270 to Mr. Clayton.
....
[W]hat I've done is I've looked instead at the payments he makes which are really not necessary to living. The first payment would be for his Ferrari, the second payment would be the mortgages on the house in Georgia and then to that I added Mr. Kronstadt's income and came up with $8,270....
So, if we have $8,270 for dad and moms is ... $817, then we have $9,087, which means that to be about thirteen seventy-four. Mom's share would be eighty-two seventy divided by nine zero eight seven, dad's share would be 91 percent, okay, equals $1,250, how do you like that, the same as you're paying for your other child.
First, it appears that the trial court accepted Mr. Kronstadt's opinion as to the amount of appellant's net income and then simply added this sum to the amount of income it imputed based on appellant's lifestyle. We find merit in appellant's argument that the trial court failed to make findings that would support its decision to impute income. Section 61.30(2)(b), Florida Statutes (1995), provides:
Income shall be imputed to an unemployed or underemployed parent when such unemployment or underemployment is found to be voluntary on that parent's part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community.
In Ensley v. Ensley, 578 So.2d 497 (Fla. 5th DCA 1991), the court pointed out that certain conditions must be shown in order to impute income:
First, the trial court must conclude that the termination was voluntary; second, the court must determine whether the individual's subsequent unemployment or underemployment resulted from the spouse's pursuit of his own interests or through less than diligent and bona fide efforts to find employment paying income at a level equal to or better than that formerly received.
Id. at 499.
Here, the trial court recognized that appellant was depleting his assets to maintain his lifestyle, but at the same time determined that it would impute income to him because of this lifestyle. The trial court erred when it imputed income to appellant without evidence that would satisfy the elements required by the statute.
Finally, the child support guidelines presumptively establish the amount of child support the finder of fact shall award based upon the recurring income of the parents. Fla. Stat. § 61.30(1)(a). Florida Statute section 61.30(13) provides: "If the recurring income is not sufficient to meet the needs of the child, the court may order child support to be paid from nonrecurring income or assets." However, before the court may order support from a nonrecurring income or asset, it must make a written finding as to "whether or not the child's needs were being met by the child support amount which was based solely on the parties' recurring income." Eiler v. Eiler, 695 So.2d 870, 871 (Fla. 4th DCA 1997); see also Dyer v. Dyer, 658 So.2d 148, 150 (Fla. 4th DCA 1995). Once the court determines that the child's needs are not being met, then the court may invade the nonrecurring income or assets of both parties. Eiler, 695 So.2d at 871.
Here, the trial court awarded an amount which, based on the evidence, will require appellant to invade his assets. The trial court made this award without considering the needs of the child as required in section 61.30(13), Florida Statutes. Because the trial court failed to make the necessary findings to support its imputation of income or to support a deviation from the guidelines, we *409 reverse and remand this case with instructions to redetermine child support.
REVERSED and REMANDED.
GROSS, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.