DELL, J.
Appellant contends that the trial court abused its discretion when it included distributions of principal from two trusts in its determination of child support. Appel-lee cross-appeals and argues that the trial court abused its discretion when it included in the computation the amount of child support she receives for a child from a previous marriage, and when it denied her claim for alimony. We reverse the amount awarded for child support. We affirm the denial of alimony.
The parties met in late 1993. Appellant gave appellee many lavish gifts and demonstrated that he led a high lifestyle, traveling extensively, owning boats and planes, an expensive house, as well as condominiums in Hawaii and the Florida Keys. In June, 1994, the Federal Bureau of Investigation arrested appellant pursuant to a federal indictment. He convinced appellee not to worry because the arrest was some sort of mistake, and they married on July 1, 1994. On August 11, 1994, they had a child. Appellee had another child from a previous marriage. Appellant was not gainfully employed during the brief marriage. He received $2,300 per month income from an irrevocable trust. He also received principal distributions totaling $20,000 per year from two trusts, one that he created and one created by his father. Since appellant’s incarceration, his mother has collected the income from his trusts, paid his bills, and paid his fine of $25,000.
On December 16, 1994, appellee filed a petition, for dissolution of marriage and petition for support unconnected with the dissolution of marriage. She filed her initial financial affidavit on March 25, 1995, indicating an income of $1,000 from her employment and $400 in child support from appellant. On April 1, 1995, appellant agreed to pay $433 per month for child support. On April 20, 1995, he filed his financial affidavit showing a net worth of minus $260,807.19. He did not include any interest in the trust created by his father or in the trust that he created on *961 December 20, 1994. On November 6, 1996, appellee filed an amended affidavit showing a monthly income of $2,207 from employment and $700 per month for support of her child from her previous husband.
The trial court found that
[o]n December 20, 1994, the Husband transferred in excess of $350,000 from a suspense account at Glenmede Trust Company, Philadelphia, Pennsylvania, into an irrevocable trust of which he is the income beneficiary. In addition to these monies, the husband was also an income beneficiary of a trust established by his father with a remaining corpus balance in excess of $190,000. This latter trust provided for distribution to the Husband of one-third at age 35, one-half of the remainder at age 38, and the balance at age 42. The Husband was born on September 14, 1956, so the distributions at ages 35 and 38 had already passed. These distributions were held and invested without restriction at Glen-mede Trust Company at the time the Husband established the trust on December 20, 1994.
On August 5, 1995, the trial court made the following additional findings:
[Although no intent was proven to establish bad faith on the part of the Husband, he did divert liquid funds presently available to him. At least $350,000 of these funds were placed in the irrevocable trust for a period of seven (7) years, or about the length of the husband’s prison sentence. This action was taken four (4) days after an action for dissolution was served on him. These two trusts provide that the Husband can invade principal up to $10,000 per year from each trust.... Husband contends that the additional $20,000 available to him annually is capital, not income, and should not be considered to establish his support obligation. Given the manner in which he has shielded his assets from creditors and transferred these funds after service of the Petition, the Court finds his position inequitable. He has these funds available to him, and the Wife has a need for this child support. The Husband paid no child support until March 28, 1995, or a period of approximately three (3) months.
The trial court included the income and distributions received from the trusts in its calculations and ordered appellant to pay $879 per month for child support. The court also ordered appellant to pay $12,340 in child support arrearages.
Appellant argues that the trial court erred by including $10,000 per ore from his two trusts in its child support calculations without first making the required statutory finding as to the child’s needs. The child support guidelines under section 61.30, Florida Statutes (1993), presumptively establish “the amount the trier of fact shall order as child support in an initial proceeding for such support,” § 61.30(1)(a), Fla.Stat. If the trial court finds that the parties’ recurring income is insufficient to meet the child’s needs, it may then order child support to be paid from nonrecurring income or assets. See § 61.30(13), Fla.Stat., See also Clayton v. Lloyd, 707 So.2d 407 (Fla. 4th DCA 1998). We hold that the trial court abused its discretion by including the distributions of principal from the trusts in its child support calculations without first making a finding that the child’s needs were not being met based on the parties’ recurring income. See Eiler v. Eiler, 695 So.2d 870, 871 (Fla. 4th DCA 1997); see also Dyer v. Dyer, 658 So.2d 148, 150 (Fla. 4th DCA 1995).
We also agree with appellant’s argument that the trial court erred when it failed to give him credit for the child support he paid in January, February, and March of 1995, in the amount of $400 a month.
Appellee argues in her cross-appeal that the trial court abused its discretion by including the $700 per month payments she receives for her child from a *962 previous marriage in the child support calculations. “Child support payments are for the benefit of the child, not the parent, and a recipient of support payments receives the monies not in his or her own right, but in trust for the child as the cestui que trust.” Thompson v. Korupp, 440 So.2d 68, 69 (Fla. 1st DCA 1983).
[W]hen a child is under legal disability of non-age or otherwise, the mother, or anyone else, who is the lawful custodian or legal guardian for the child or even a next of friend, is entitled to collect child support money owed by the parent to discharge a legal duty for child support. In such cases, the guardian or trustee, next of friend, etc., (whether or not also a parent) holds the money in trust of the cestui que trust, who is the child, and has a fiduciary obligation to expend it only for the child’s benefit — the money does not belong to the next of friend, custodian or guardian, nor may the next of friend, custodian or guardian contract away the child’s right to support.
Department of Health and Rehabilitative Servs., Child Support Enforcement v. Holland, 602 So.2d 652, 655 (Fla. 5th DCA 1992) (citations omitted). The trial court erred when it included the $700 per month appellee receives as child support in its child support calculations. See Thompson, 440 So.2d at 69.
Accordingly, we affirm the denial of alimony. We reverse the amount of the child support award. We remand with instructions for the trial court to recalculate the amount of child support with leave, upon making the appropriate findings, to include distributions of principal from the trusts in its child support award.
REVERSED and REMANDED.
GROSS, J. and OWEN, WILLIAM C., Jr., Senior Judge, concur.