915 So.2d 737 (2005)
ROBERT S. THURLOW, P.A., as Assignee of, etc., Appellant,
v.
Joseph Michael LaFATA, Appellee.
No. 5D04-2966.
District Court of Appeal of Florida, Fifth District.
December 9, 2005.
Robert S. Thurlow of Robert S. Thurlow, P.A., New Smyrna Beach, pro se.
Leonard R. Ross, Daytona Beach, for Appellee.
PALMER, J.
Attorney Robert Thurlow appeals the final order entered by the trial court dismissing with prejudice his "Motion for Entry of Final Judgment of Child Support Arrearage." Concluding that the assignment of interest upon which Thurlow based his claim was invalid, we affirm.
In his motion, Attorney Thurlow explained that he had represented Monica LaFata (mother) in a dissolution proceeding against Joseph LaFata (father). He further explained that after resolving the dissolution matter, he sued the mother for nonpayment of fees and obtained a judgment against her. The motion stated that *738 when the mother later died, Thurlow filed a claim against her estate seeking enforcement of his judgment. In response, the personal representative of the mother's estate assigned to Thurlow the mother's interest in enforcing the child support arrearage owed by the father. Thurlow's motion requested that the trial court enter a final judgment in his favor against the father pursuant to said assignment.
The father moved to dismiss Thurlow's motion arguing that, since the children (who are still minors) are the beneficiaries of all child support obligations owed on their behalf, the mother's estate was not authorized to assign the arrearage obligation to Thurlow. Upon review, the trial court granted the father's motion to dismiss. This appeal timely followed.
Thurlow contends that the trial court reversibly erred in dismissing his motion, arguing that rights to enforce child support arrearages are assignable and that "public policy requires that they be so both to encourage the payment of child support arrearages by obligors and to permit collection of arrearages by obligee parents." We disagree and hold that the trial court was correct in concluding that, based upon this court's ruling in Department of Health and Rehabilitative Services, Child Support Enforcement v. Holland, 602 So.2d 652 (Fla. 5th DCA 1992), Thurlow's motion failed to set forth a cognizable cause of action.
In Holland, HRS filed a motion on behalf of the mother seeking to recover alleged child support arrearages from the father. The child support in question related to arrearages accruing after the parties' children had reached 18 years of age. The court held that, pursuant to the law expressed in Cronebaugh v. Van Dyke, 415 So.2d 738 (Fla. 5th DCA 1982), rev. denied, 426 So.2d 25 (Fla.1983), the cause of action to enforce the father's child support obligation and to collect arrearages related thereto belonged to the children. The court further held that, since the cause of action belonged to the children, the mother lacked standing to enforce said rights and that, since the mother did not have the right to collect the support due the children from their father, HRS lacked standing to collect those sums on behalf of the mother. HRS appealed the ruling but, upon review, this court affirmed, reasoning that the child is the real party in interest in child support enforcement actions:
There are several sources for the duty to pay child support. The duty can be strictly legal based on common law or statute (§ 61.13(1), Fla. Stat.) or it can be strictly contractual, or it can be a confusion of both.
* * * * * *
Regardless of the basis for the support duty, legal or contractual, the child is the beneficiary and the real party in interest (see Florida Rule of Civil Procedure 1.210(a)) and the proper person to enforce the obligation except only when it is under the legal disability of non-age which is, of course, the common case, and it is only then that some other person, such as guardian, trustee, next of friend, or a party with whom or in whose name a contract has been made for the benefit of the child, or a party expressly authorized by statute, may sue without joining the child for whose benefit the action to collect child support is brought.
* * * * * *
[W]e continue to believe and to hold that (1) under law only one cause of action exists in one entity or person at one time; (2) that a child for whom child support is due from a parent is the equitable and legal beneficiary and the real party in interest and in legal contemplation owns the cause of action to *739 recover monies due for its support; (3) when a child is under legal disability of non-age or otherwise, the mother, or anyone else, who is the lawful custodial or legal guardian for the child or even a next of friend, is entitled to collect child support money owed by the parent to discharge a legal duty for child support (Fla.R.Civ.P.1.210(b)). In such cases, the guardian or trustee, next of friend, etc., (whether or not also a parent) holds the money in trust for the cestui que trust, who is the child, and has a fiduciary obligation to expend it only for the child's benefitthe money does not belong to the next of friend, custodian or guardian, Thompson v. Korupp, 440 So.2d 68 (Fla. 1st DCA 1983), nor may the next of friend, custodian or guardian contract away the child's right to support. Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979); Isaacs v. Deutsch, 80 So.2d 657 (Fla.1955); (4) any non-volunteer stranger has a common law cause of action against either parent for the cost of necessities provided a child because of the parent's neglect to meet his or her legal parental duties to support that minor child. See generally In re S.M.G., 313 So.2d 761 (Fla.1975); Weinstein v. Weinstein, 148 So.2d 737 (Fla. 3d DCA 1963); (5) a child of lawful age and under no legal disability has the legal right to make the decision to enforce, and when to enforce, or not to enforce, its own legal rights; and (6) one parent of a child, as such, does not have the legal right or standing to enforce the child's cause of action or to collect support money from the other parent after the child is of age and is under no other legal disability.
Id. at 654-655. The court continued:
One parent, in her own right and merely because she is a parent, has no standing to collect support money due sua juris children from the other parent. In this case neither the mother, nor HRS on her behalf, has alleged a cause of action based on the theory of seeking from the father a contribution for support provided by the mother to a dependent minor child out of necessity and beyond the mother's own legal duty; nor is a cause of action pleaded for reimbursement for a non-obligated non-volunteer third party (such as HRS) for discharging a parent's legal obligation for support. The mother in this case, through HRS, is merely attempting to collect delinquent child support due a sua juris child from its father.
Id. Additionally, in an effort to emphasize its conclusion that the cause of action for the enforcement of child support vests in the child(ren), the court noted, in footnote 2 of its opinion, that
the cause of action for support due from one parent to a minor child is not extinguishable by the death of the other parent for the simple reason that the other parent does not own the cause for child support and it can be enforced by others acting on behalf of the minor child.
602 So.2d at 655 n. 2 (emphasis added).
Application of this case law to the instant facts leads to the conclusion that the trial court correctly held that the father's duty to pay his child support arrearage is one which is enforceable by his children (or someone acting on behalf of his children), not by the estate of the children's deceased mother. As such, the mother's estate did not possess the legal authority to assign any interest in said arrearage to Thurlow. Accordingly, the trial court's order is affirmed.
In closing, we note that, although the Legislature has enacted section 409.2561 of *740 the Florida Statutes[1] in order to expressly authorize HRS/DCF to obtain an assignment of a parent's child support arrearage enforcement rights from a receiving parent, there is no current statutory or case law which authorizes a receiving parent to assign to a third party creditor any right to seek enforcement of a child support arrearage vis a vis the paying parent.
AFFIRMED.
TORPY, J., concurs.
GRIFFIN, J., dissents without opinion.
NOTES
[1] Section 409.2561 of the Florida Statutes provides:

409.2561. Support obligations when public assistance is paid; assignment of rights; subrogation; medical and health insurance information
* * * * * *
(2)(a) By accepting temporary cash assistance or Title IV-E assistance, the recipient assigns to the department any right, title, and interest to support the recipient may be owed:
1. From any other person up to the amount of temporary cash assistance or Title IV-E assistance paid where no court order has been entered, or where there is a court order it is limited to the amount provided by such court order;
2. On the recipient's own behalf or in behalf of another family member for whom the recipient is receiving temporary cash or Title IV-E assistance; and
3. At the time that the assignment becomes effective by operation of law.
§ 409.2561(2)(a), Fla. Stat. (2003). See also Dep't of Health & Rehab. Serv. v. LaPlante, 470 So.2d 832 (Fla. 2d DCA 1985)(recognizing that HRS possesses a statutory right to seek reimbursement from former husband for child support funds owed it as assignee of former wife's rights due to its provision of public assistance).