958 So.2d 988 (2007)
John Scott BONAVITO, Appellant,
v.
Kelly Ann BONAVITO, Appellee.
No. 5D06-3483.
District Court of Appeal of Florida, Fifth District.
May 25, 2007.
*989 Philip Fougerousse of Philip Fougerousse, P.A., Melbourne, for Appellant.
No Appearance for Appellee.
EVANDER, J.
The former husband appeals from a final judgment on his supplemental petition to modify and an order awarding the former wife attorney's fees. We reverse.
The parties were married in 1986. They have two children  Ashley, born in March, 1987, and Anthony, born in November, 1994.
In September, 2000, the former wife filed a petition for dissolution of marriage. The parties subsequently entered into a marital settlement agreement. The marital settlement agreement provided, inter alia, that the former wife would have primary residential custody of the two minor children. The former husband was ordered to pay child support at the rate of $600/week. A child support guideline worksheet was attached to the marital settlement agreement. The worksheet reflected that the former husband had a net income of $14,623/month and the former wife had no income. The child support was to continue:
[U]ntil such time as ASHLEY and ANTHONY have reached the age of 18 years or, if ASHLEY and ANTHONY shall have attained the age of 18 and are still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19, or within the calendar year in which she or he shall reach the age of 19, then, in that event, until ASHLEY and ANTHONY have graduated from high school. . . .
The parties further equitably distributed their assets. Among other things, the former wife received the marital home and the former husband received the stock in *990 the business in which he was employed. The marital settlement agreement did not reflect the value of these assets. Additionally, the former wife waived her claim for permanent periodic alimony. The marital settlement agreement was ultimately incorporated into the parties' final judgment of dissolution of marriage entered on February 16, 2001.
On September 15, 2005, the former husband filed a supplemental petition to modify the final judgment. He alleged he had been seriously injured in a motor vehicle accident on August 1, 2004. As a result of his injuries, the former husband alleged his employment was terminated effective April 1, 2005. Based on this alleged substantial change of circumstances, the former husband requested a reduction of his child support obligation.
A final hearing on the former husband's supplemental petition took place in August 2006. By this time, the parties' oldest child had not only reached the age of majority, but had also graduated from high school. At the final hearing, the former wife objected to the court considering any change of circumstances related to the age of the oldest child because the issue had not been raised in the former husband's pleadings. The court appeared to sustain this objection, stating: "I'm not going to deal with it. It's not before me."
At the final hearing, the evidence was undisputed that the former husband had been involved in a serious motor vehicle accident. As a result of the accident, he was in a coma and intensive care for several weeks. His employer testified that after the accident the former husband had difficulty walking and writing. It was undisputed that the former husband's employment was terminated because of concern that the former husband would be unable to adequately perform his job functions.
On March 31, 2005, the former husband entered into an agreement with his employer to sell his stock in the business for approximately one million dollars. The principal was to be paid in five annual installments. The first installment was paid on March 31, 2005, and the remaining installments were due April 1st of the next four years. Each installment was to include approximately $200,000 toward the reduction of the principal. Interest would accrue at the prime rate. However, there would be no prepayment penalty. By the date of trial, the former husband's employer had paid the former husband almost $600,000 on the principal owed under the buy-out agreement. The former husband further testified that he was working at his girlfriend's gourmet market for $500/week.
The former wife presented testimony that the former husband had made recent expenditures for a new boat, a new jet ski, and a new swimming pool. The former husband had also spent $10,000 to purchase a car for Ashley. The former wife testified she worked part-time as a hair stylist.
On September 5, 2006, the trial court entered a final judgment on the supplemental petition. The court's findings of fact are inconsistent with its legal conclusions in several respects. The trial court's factual findings would appear to support a finding that the former husband had suffered a significant reduction in his income. Specifically, the trial court found the former husband had been involved in a severe motor vehicle accident resulting in the loss of some mobility of his right hand and leg. The court further found that the former husband's prior employer had bought the former husband's stock in the company for approximately one million dollars. The court further observed that the former husband had testified that he was working at his girlfriend's gourmet market for *991 $500/week and that the former husband's financial affidavit listed assets of approximately 1.2 million dollars.
In its factual findings, the trial court found that the former husband had failed to plead for a reduction in child support based on the oldest child turning eighteen and graduating from high school. The trial court further found the parties' final judgment did not separate child support for each child.
Although the factual findings would appear to support a finding of a substantial change of circumstances based on the former husband's reduced income,[1] the trial court stated it was denying the supplemental petition because the former husband had sufficient income and assets to pay child support for the remaining minor child.
Section 61.30(1)(a), Florida Statutes (2005), provides that the child support guidelines' amount presumptively establishes the amount the trier of fact shall order as child support in an initial proceeding or in a proceeding for modification of an existing order. See also Seiberlich v. Wolf, 859 So.2d 570, 571 (Fla. 5th DCA 2003). In the present case, the final judgment does not reflect any effort by the trial court to determine the former husband's net income,[2] or the former wife's net income. Thus, we are unable to determine the presumptive child support guideline amount.
We recognize that a court may order child support to be paid from non-recurring income or assets if the recurring income is not sufficient to meet the needs of a child. § 61.30(13), Fla. Stat. (2005). However, before a court may do so, it must make an express finding that the child's needs would not be met by a child support amount based solely on a party's recurring income. Clayton v. Lloyd, 707 So.2d 407, 408 (Fla. 4th DCA 1998). Here, the trial court failed to make this finding.
We further observe that after purportedly denying the former husband's supplemental petition, the trial court inexplicably reduced the former husband's child support from $600/week to $300/week because the older child was emancipated. This reduction was inconsistent with the trial court's verbal statements and written findings that the issue had not been pled and would not be considered by the court.[3] On remand, the trial court may consider the emancipation of Ashley to be a substantial change in circumstances  provided the issue is properly pled by the former husband.
Based on these inconsistencies and omissions in the final judgment, we are obligated to reverse and remand for a new hearing. We also find it necessary to reverse the trial court's award of $6,674 as attorney's fees for the former wife. It appears that a portion of those attorney's fees was attributable to a contempt motion *992 brought by the former wife. At the time the notice of appeal was filed, the trial court had not rendered a dispositive ruling on the motion. Because of the existence of a "prevailing party" provision in the parties' marital settlement agreement, the trial court's award of attorney's fees for time expended on the contempt motion was, at best, premature. We find no abuse of discretion in the trial court's determination that the former wife was entitled to be paid her reasonable attorney's fees related to her defense of the former husband's modification action. The record reflects that the former husband clearly has a superior financial ability to pay fees. Chandler v. Chandler, 624 So.2d 855 (Fla. 4th DCA 1993).
REVERSED and REMANDED.
PLEUS, C.J. and ORFINGER, J., concur.
NOTES
[1] See, e.g., Freeman v. Freeman, 615 So.2d 225 (Fla. 5th DCA 1993) (holding that a reduction of income from $85,212/year to $44,755/year constituted a substantial change of circumstances, entitling the former husband to a reduction of his child support obligation); see also Thompson v. Thompson, 402 So.2d 1220, 1221 (Fla. 5th DCA 1981) (stating that a parent's income is the most dominant and directly related factor to be considered in determining the amount of the financial duty to support a child in the custody of another).
[2] In remanding this case for a new trial, we are not suggesting the trial court must accept the former husband's testimony that his current income is only $500/week.
[3] If $600/week was the proper child support guideline amount for two children, $386/week, not $300/week, would be the appropriate guideline amount for one child.