578 So.2d 497 (1991)
Beverly Ledford ENSLEY, Appellant,
v.
Robert Clyde ENSLEY, Jr., Appellee.
No. 90-893.
District Court of Appeal of Florida, Fifth District.
April 25, 1991.
*498 Marcia K. Lippincott of Marcia K. Lippincott, P.A., Orlando, for appellant.
Robert G. Petree of Bornstein & Petree, P.A., Orlando, for appellee.
PETERSON, Judge.
The only issue that merits discussion in this appeal of a judgment dissolving a marriage is whether the trial court correctly refused to impute income to the husband who voluntarily terminated his job and who was unable thereafter to find employment earning a similar salary.
This seventeen-year marriage produced a child who was thirteen years of age at the time of dissolution. The husband had worked for United Parcel Service (UPS) for fifteen years as a loss prevention manager and earned a salary of more than $60,000 per year when he terminated his employment. The termination took place the day after he announced to his wife that he was moving out of the house. As he was moving out, the wife testified, the husband told her he was quitting his job and that, "You'll be sorry when I quit because you'll be the one who suffers." The husband testified that he quit because his wife threatened to get him fired. The husband's assertion that a "no rehire" policy prevents him from regaining his job with UPS was unchallenged. Shortly after terminating with UPS, the husband began to search diligently for a comparable job but was able to find one that paid only $23,920 per year.
The wife urged the trial court to impute to the husband the $60,000 salary earned at UPS in fashioning support for the child. The trial court refused to so rule, stating concisely and reasonably:
I'm not going to be able to impute any income to the husband beyond what he is earning currently, which I think is the maximum that's been demonstrated that he can earn now. Although it would appear to me that he quit his job, a good-paying job with UPS, either out of spite or a sense of frustration, and that's regrettable, but those things happen, and I think we have to take the facts as we find them, and, so, in fashioning your final argument, perhaps the rest of the testimony that you have, you're going to have to present or will be presenting, you have to take that into consideration. The court would also be open to considering increasing the amount of support if the circumstances change.
The wife cites section 61.30(2)(b), Florida Statutes (1989), in support of her allegation that the court erred in refusing to impute the higher income. Subsection (2)(b) provides:
Income shall be imputed to an unemployed or underemployed parent when such employment or underemployment is found to be voluntary on that parent's part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based on his or her recent work history, occupational qualifications, and prevailing earnings level in the community... .
The wife maintains that, under the statute, the court is required to impute to the husband the income of the job that he quits at the expense of his family. We would agree under normal circumstances, but where the person truly cannot find employment that will command the salary earned in the previous job, it would be futile to design support payments based upon imaginary income from unattainable employment. The statute requires consideration of not only recent work history, but also occupational qualifications and prevailing earnings.
In Hogle v. Hogle, 535 So.2d 704, 705 (Fla. 5th DCA 1988), this court indicated *499 that, before imputation of income could occur, there must be a finding that there is an actual ability to earn more than is currently being earned and that there is a deliberate refusal to work at a higher earning capacity. There is no evidence in the instant case that would have enabled the trial judge to make those findings. The record does show an unwise, hasty decision as a product of either spite or frustration. While the motive for electing to terminate is an appropriate consideration, it becomes relatively insignificant when a bona fide reemployment dictates the extent of income available for support.
Reep v. Reep, 565 So.2d 814 (Fla. 3d DCA 1990), surveys cases in which a spouse who is obligated to pay support voluntarily reduces his income and then has income that he is capable of earning imputed to him for a determination of his support obligations. The Reep court concludes that income has been imputed only in cases where the obligated spouse was either pursuing his own interests or had made no attempts to regain the level of earnings he had previously enjoyed.
The record in the instant case portrays an individual who, out of either spite or a sense of frustration, voluntarily terminated employment that later is determined to be irreplaceable despite bona fide efforts. Reep and Scapin v. Scapin, 547 So.2d 1012 (Fla. 1st DCA 1989), analyzed in Reep, lead us to conclude that, before the income at the former level is imputed to the individual, a two-step analysis is required. First, the trial court must conclude that the termination was voluntary; second, the court must determine whether the individual's subsequent unemployment or underemployment resulted from the spouse's pursuit of his own interests or through less than diligent and bona fide efforts to find employment paying income at a level equal to or better than that formerly received.
Applying the two-step analysis in the instant case, it is apparent that the husband quit his job voluntarily, although there is evidence he feared that the wife would make good her threat to have him fired. It is uncontroverted, however, that the husband made diligent, bona fide efforts to find a job that would replace the salary he enjoyed at UPS and that he did not accept a lower paying job merely to pursue his own interests. Perhaps the husband's decision to quit UPS was unwise or even spitefully motivated, but this mistake or decision of the past does not justify imputation of income to the former level.
AFFIRMED.
W. SHARP, and HARRIS, JJ., concur.