721 So.2d 820 (1998)
Barbara GRIMALDI, Appellant/Cross-Appellee,
v.
Eugene GRIMALDI, Appellee/Cross-Appellant.
No. 97-4240.
District Court of Appeal of Florida, Fourth District.
December 16, 1998.
*821 N. Nicole Gamot of N. Nicole Gamot, P.A., West Palm Beach, for appellant/cross-appellee.
Diane L. Graf and Bruce S. Rosenwater of Bruce S. Rosenwater & Associates, P.A., West Palm Beach, for appellee/cross-appellant.
STEVENSON, J.
This is an appeal by the former wife and a cross appeal by the former husband from the trial court's order ruling on the former husband's petition for modification of child support, visitation, and alimony. Although both parties have raised a number of issues, we affirm the order in all respects except that portion changing the custodial designation from shared parental responsibility to sole parental responsibility in favor of the husband, which issue we remand for additional findings as discussed below.
The 1993 final judgment of dissolution incorporated the terms of the parties' marital settlement agreement, which included a provision directing that the parties have shared parental responsibility for the minor child. After the hearing on the petition for modification, the trial court entered an order altering the custody designation from shared parental responsibility to sole parental responsibility. Because there is evidence in the record to support the trial judge's finding, we reject the former wife's contention that the former husband failed to demonstrate a substantial change in circumstances since the time of the dissolution. However, we find merit in the former wife's argument that the trial court erred in changing the custody designation, placing sole parental responsibility in the former husband, without making a finding on the record that shared parental responsibility would be detrimental to the child.
Florida Statutes section 61.13(2)(b)2 states in relevant part that "[t]he court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child." The requirement that a trial court make a specific finding of detriment to the child before awarding sole parental responsibility is equally applicable to modification proceedings. In Hunter v. Hunter, 540 So.2d 235 (Fla. 3d DCA 1989), the Third District held that, while it could find no basis in the record for overturning the trial court's ruling modifying the custody designation from shared parental responsibility to sole parental responsibility in favor of the former wife, it was nonetheless constrained to remand the case to the trial court because "the trial court erred in awarding sole parental responsibility to the mother absent a specific finding that `shared parental responsibility would be detrimental to the children.'" See also Griffin v. Griffin, 665 So.2d 352 (Fla. 1st DCA 1995); Hicks v. Hicks, 511 So.2d 628 (Fla. 2d DCA 1987); Nichols v. Nichols, 432 So.2d 648 (Fla. 1st DCA 1983).
While we recognize that the trial court did find that the former wife, due to an illness, is "not capable of exercising parental responsibility in any meaningful way" and that sole parental responsibility was in the child's best interests, these findings are not *822 equivalent to a finding that shared parental responsibility is, in fact, detrimental to the child. Accordingly, we reverse that portion of the order changing the custody designation from shared parental responsibility to sole parental responsibility and remand so that the trial court may make a finding regarding whether shared parental responsibility is detrimental to the child. On remand, the court may, in its discretion, either take additional evidence or rule on the record presently available.
REVERSED and REMANDED.
POLEN, J., and BROWN, LUCY CHERNOW, Associate Judge, concur.