POLSTON, J.
The trial court decreased the amount of child support paid by Appellee, citing various independent substantial changes in circumstances. We affirm the trial court’s ruling on one of the grounds:
In two previous orders, income was imputed to Dennis E. Stanley based on his presumed ability to obtain work in his business. Extensive testimony at this hearing established that actual business opportunities do not meet the previously presumed levels of activity, thus rendering further imputation of income factually untenable.
We do not reach the other reasons relied on by the trial court,
The trial court properly considered whether Appellee was underemployed and if income should be imputed to him for purposes of child support. See section 61.30(2)(b), Fla. Stat. (1999); Brock v. Brock, 695 So.2d 744 (Fla. 1st DCA 1997)(trial court should consider factors of section 61.30 when imputing income on orders modifying child support).
The trial court did not abuse its discretion in determining that income should not be imputed. In Ensley v. Ensley, 578 So.2d 497, 498-99 (Fla. 5th DCA 1991), the court stated:
[WJhere the person truly cannot find employment that will command the salary earned in the previous job, it would be futile to design support payments based upon imaginary income from unattainable employment. The statute requires consideration of not only recent work history, but also occupational qualifications and prevailing earnings.
In Hogle v. Hogle, 535 So.2d 704, 705 (Fla. 5th DCA 1988), this court indicated that, before imputation of income could occur, there must be a finding that there is an actual ability to earn more than is currently being earned and that there is a deliberate refusal to work at a higher earning capacity. There is no evidence in the instant case that would have enabled the trial judge to make those findings. (Emphasis added).
As in Ensley, the trial court found that imputation of income was not justified by the facts. See also Aarts v. Aarts, 636 So.2d 57, 58 (Fla. 2d DCA 1994)(trial court should not base support payments on speculation or conjecture regarding an uncertain future).
AFFIRMED.
WEBSTER and BROWNING, JJ„ concur.