954 So.2d 1206 (2007)
William Lowell BROWN, Jr., Appellant,
v.
Donna CANNADY-BROWN, Appellee.
No. 4D06-113.
District Court of Appeal of Florida, Fourth District.
April 18, 2007.
*1207 Genie Holcombe Rothman of Genie H. Rothman, P.A., Delray Beach, for appellant.
No brief filed for appellee.
HAZOURI, J.
William Lowell Brown, Jr. (former husband) appeals from an amended judgment of dissolution of his marriage to Donna Cannady-Brown (former wife). The former husband argues that the trial court erred in finding him voluntarily unemployed and imputing income to him. We reverse.
Section 61.30(2)(b), Florida Statutes (2005), mandates:
Income on a monthly basis shall be imputed to an unemployed or underemployed parent when such employment or underemployment is found to be voluntary on that parent's part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community; however, the court may refuse to impute income to a primary residential parent if the court finds it necessary for the parent to stay home with the child.
The standard of review governing a trial court's imputation of income is whether the determination is supported by competent, substantial evidence. See Schram v. Schram, 932 So.2d 245, 249 (Fla. 4th DCA 2005).
Although the trial court is free to determine the credibility of witnesses, restraints on imputation exist in the form of a required two-step analysis. First, the trial court must conclude that the termination of income was voluntary; second, the court must determine whether any subsequent underemployment "resulted from the spouse's pursuit of his own interests or through less than diligent and bona fide efforts to find employment paying income at a level equal to or better than that formerly received." See Konsoulas v. Konsoulas, 904 So.2d 440, 443 (Fla. 4th DCA 2005) (quoting Ensley v. Ensley, 578 So.2d 497 (Fla. 5th DCA 1991)). In any event, the trial court may only impute a level of income supported by the evidence of *1208 employment potential and probable earnings based on history, qualifications, and prevailing wages. See id.

Schram, 932 So.2d at 249-50.
Voluntary Termination of Employment
The first part of the analysis explained in Schram for imputing income on the basis of voluntary unemployment requires the trial court to conclude that the termination of income was voluntary. The trial court in the instant case determined that the former husband voluntarily terminated his employment, noting:
He testified that he was terminated from his employment with Jet Blue Airways approximately two weeks prior to [the] trial date due to testing positive for a controlled substance. He further testified that he was aware that continued employment was contingent upon satisfactory drug testing and he voluntarily violated that requirement.
Our review of the record reveals competent, substantial evidence sufficient to support this conclusion.
Subsequent Unemployment
The second part of the analysis for imputation of income requires the trial court to "determine whether any subsequent [unemployment or] underemployment `resulted from the spouse's pursuit of his own interests or through less than diligent and bona fide efforts to find employment paying income at a level equal to or better than that formerly received.'" Schram, 932 So.2d at 249-50 (citations omitted). As to the former husband's efforts to find new employment, the trial court concluded: "Additionally, he testified that he had not sought substitute employment and he failed to present evidence to demonstrate that he could not obtain other employment at similar earnings as he has historically done. He failed to present evidence to demonstrate any good faith efforts to seek substitute employment." The court then imputed income to him in the amount of his net monthly income at Jet Blue of $6,673.85 per month.
The former husband argues that there is no factual basis in the record to support the trial court's imputation of this amount of income to him. We agree. The former husband relies on Andrews v. Andrews, 867 So.2d 476 (Fla. 5th DCA 2004). In Andrews, the former wife was terminated from her employment for failure to keep up with technological advances. She had not obtained other employment by the time of trial. The trial court imputed $50,000 earned income to the former wife. Id. at 477. The Fifth District determined that the record in the case was sufficient for the court to have imputed income to the former wife in some amount, concluding further that:
However, where, as here, the court imputes income in an amount which is not apparent from the record, the court must specifically indicate the amount and source. In determining the amount of income to impute, the court must consider the spouse's recent work history, his or her occupational qualifications, and the prevailing earnings in the community for that class of available jobs.
Id. at 478 (citations omitted). The appellate court went on to state that the former husband "failed to establish by testimony or evidence a range of salaries being paid for current and available employment opportunities in the Jacksonville area for which [the former wife] was qualified." Id. The court also noted that the spouse claiming that the other spouse is voluntarily unemployed or underemployed bears the burden of proof. Id. at n. 2 (citing Blanchard v. Blanchard, 793 So.2d 989, 992 (Fla. 2d DCA 2001)). Finally, in reversing the amount of income imputed to the former wife and remanding to the trial court for further proceedings to establish a level of imputed income supported by competent, *1209 substantial evidence, the court found:
[T]here must be substantial competent evidence in the record to support the level of income imputed to a spouse. See Gerthe v. Gerthe, 857 So.2d 306, 307 (Fla. 2d DCA 2003); LaFlam v. LaFlam, 854 So.2d 809 (Fla. 2d DCA 2003). In this case, the only evidence regarding [the former wife's] income was her prior salary of $75,466 earned in 2000, and a past earnings history record averaging $50,000 per year, before 1996 when the parties resided in Alabama.
[The former wife's] prior income, although relevant, is insufficient to support the amount currently imputed to her. As we said in Woodard v. Woodard, 634 So.2d 782 (Fla. 5th DCA 1994),
Past average income, unless it reflects current reality, simply is meaningless in determining a present ability to pay. Past average income will not put bread on the table today.

Woodard, at 782-783.
[The former wife's] more recent job and income at BellSouth are no longer available to her. [Her former supervisor's] deposition reveals that [the former wife] is incapable of selling the complex services of that position. Further, even if she could be rehired by BellSouth, her base salary range would only be $30,000, not $44,100.
Andrews, 867 So.2d at 479.
The instant case is analogous to Andrews. Here, the former husband's unrefuted testimony was that he was unemployable as a commercial airline pilot, had lost his license, and had no other training and background. He testified at trial that the failed drug test ended his career, and there was nothing he could do to get his license back. Also, the trial court failed to make the requisite findings concerning his occupational qualifications and the prevailing earnings in the community for that class of available jobs, and the record does not reveal competent, substantial evidence supporting the trial court's decision to do so. See Andrews, 867 So.2d at 478; Burkley v. Burkley, 911 So.2d 262, 268-69 (Fla. 5th DCA 2005) (citing Freilich v. Freilich, 897 So.2d 537, 543 (Fla. 5th DCA 2005)) (advising "[i]f the trial court does not make the required findings, the record must reveal competent, substantial evidence supporting the trial court's decision").
Moreover, as the former husband correctly argues, the trial court improperly placed the burden on him to establish that he was not voluntarily unemployed in stating "[h]e failed to present evidence to demonstrate that he could not obtain other employment at similar earnings as he has historically done" and "[h]e failed to present evidence of any good faith efforts to seek substitute employment." See Andrews, 867 So.2d at 478 n. 2 (citation omitted); see also Owen v. Owen, 867 So.2d 1222, 1223 (Fla. 5th DCA 2004) (agreeing that "it was error to impute income to [former wife] in an amount which exceeded the $33,000 she previously earned in the job market since the former husband failed to present evidence as to the availability in the community of jobs for the former wife and the salary which she could earn at those jobs").
Finally, the trial court failed to find, and the record does not support, that the former husband was deliberately refusing to work at a higher capacity to avoid his support obligations. See Stebbins v. Stebbins, 754 So.2d 903, 907 (Fla. 1st DCA 2000) (quoting Hogle v. Hogle, 535 So.2d 704, 705 (Fla. 5th DCA 1988)) (recognizing that "[i]n order to impute income, the trial judge must find that the parent owing a duty of support has the actual ability to earn more than he or she is currently earning, and that he or she is deliberately refusing to work at that higher capacity to avoid support obligations"). The former *1210 husband had been unemployed for only two weeks prior to the final hearing. His uncontradicted testimony was that up until that point, he had spent ten months before his permanent termination working with Jet Blue to try and reinstate his flight status. Further, he testified that he had spent some time looking for jobs since his termination, but was still in a state of shock, and planned on immediately seeking employment.
Although there was competent, substantial evidence to support the trial court's determination that the former husband was voluntarily terminated from his employment, there was no evidence supporting the trial court's conclusion that he was subsequently willfully unemployed or that he failed to use his best efforts in seeking new employment. Thus, we reverse and remand for further proceedings and instruct the trial court to revisit not only the former husband's child support obligations, but also his obligations with respect to alimony and attorney's fees.
Reversed and Remanded with Directions.
GUNTHER and POLEN, JJ., concur.