STEVENSON, J.
In this dissolution of marriage action, Judge Art Wroble presided over the trial and entered a final judgment of dissolution of marriage, but left the bench before ruling on post-judgment motions, which were assigned to Judge Catherine Brunson. The husband, Antoine Alcenat, appeals the successor judge’s order and amended or *739 der on his motion for clarification, wherein the successor judge ruled that the wife, Marie Alcenat, would be entitled to credit for one-half of the expenses she paid to maintain the marital home from the date the husband moved out of the home until the date of sale. The wife cross-appeals, challenging inter alia the initial trial judge’s ruling that the wife was not entitled to set-offs or credits from the husband.
On the main appeal, we agree with the husband that the pivotal issues concerning the wife’s entitlement to set-offs or credits for her expenditures on the marital home had been resolved in the final judgment and that the successor judge’s clarification orders were not clarifications at all, but were substantive changes to the final judgment. As she had not presided over the trial, the successor judge had no authority to amend the final judgment without holding an evidentiary hearing. See Beattie v. Beattie, 536 So.2d 1078, 1079 (Fla. 4th DCA 1988) (“[A] successor judge may not enter an order or judgment based upon evidence heard by the predecessor.”). As to the cross-appeal, we hold that the initial trial judge’s ruling that the wife was not entitled to any set-offs from the husband for her expenses pertaining to the marital home was not an abuse of discretion.
We have considered the other issues raised on appeal and cross-appeal and find no error. Accordingly, we reverse the order and amended order granting the husband’s motion for clarification and we affirm the final judgment of dissolution and the denial of the wife’s motion for rehearing thereon.

Affirmed in part; Reversed in part.

WARNER and MAY, JJ., concur.