PALMER, J.
In this dissolution of marriage proceeding, Sharon Middleton (wife) appeals the trial court’s final dissolution order, and James Middleton (husband) cross-appeals. We find merit in one issue raised in the husband’s cross-appeal and, accordingly, affirm in part and reverse in part.
The husband maintains that the trial court applied the wrong standard in deciding whether to impute income to the wife. We agree.
In Durand v. Durand, 16 So.3d 982, 985 (Fla. 4th DCA 2009), the Fourth District explained that the “spouse claiming income should be imputed to the unemployed or underemployed spouse bears the burden of showing both employability and that jobs are available.” In determining the amount of income to impute, “the court must consider the spouse’s recent work history, his or her occupational qualifications, and the prevailing earnings in the community for that class of available jobs.” Andrews v. Andrews, 867 So.2d 476, 478 (Fla. 5th DCA 2004).
Here, the evidence of record demonstrated that the wife is 50 years old, the parties’ two children are grown, the wife worked as a nurse at the beginning of the parties’ marriage but left the field to raise the children, her nursing license is still current, and she has a master’s degree in “research and writing curriculum.” Both parties’ vocational experts agreed that the perfect job for the wife would be as a health educator, earning a full-time salary of about $40,000.00 per year or a part-time *837 salary of $18.00 per hour. However, the wife’s expert, John Roberts, testified that it would be difficult for the wife to find work as a health educator making full-time wages or $18.00 per hour. He did state that he could find her “a lot of jobs” making $9.00 per hour. The husband’s expert, Claire Hibbard, identified current open job positions with several companies and opined that the wife would be employable within the labor market in a variety of entry-level nursing positions, earning a salary ranging from $37,440.00 to $45,000.00, annually. Hibbard stated that, when speaking to prospective employers, she outlined the wife’s last date of work, her education, her work history, and her physical restrictions.
On the issue of imputation of income, the trial court wrote in the final dissolution judgment:
The Wife, in her early 50’s, can be employed as a utilization case review manager and can earn $37,440 per year to start. She has no disability rating; she does not want to go back to work.
She does not intend to work and it’s not clear to the Court if a utilization review case review manager position is even available for her to take at this time. Clearly, she does not want to work again outside the home despite her advanced degrees. For this reason, the Court cannot input [sic] this income, at this time.
In the supplemental dissolution judgment, the court further wrote:
In regard to imputation of income, it is uncertain if the employer’s [sic] listed by Claire Hibbard would even hire the Wife at her age. If Hibbard could place the Wife in a job, the Court would impute. The Court was only presented general job listings, not any evidence these employers would hire the Wife. The Final Judgment presumes she must work again but cannot impute a specific amount since she has not “turned down” any specific employment.
The trial court erred, as a matter of law, in concluding that it could not impute income to the wife because the husband’s expert could not “place the wife in a job” and there was no evidence that the wife had “turned down” specific employment. Instead, the trial court should have considered the wife’s work history, her occupational qualifications, and the prevailing earnings in the community for that class of available jobs. Accordingly, this matter is remanded for reconsideration of the issue of imputing income to the wife based on the evidence presented during trial, and, if necessary, a recalculation of the permanent alimony award. See Zarycki-Weig v. Weig, 25 So.3d 573 (Fla. 4th DCA 2009) (holding that trial court’s imputation of income to wife was adequately supported by evidence that wife had earned the same amount before voluntarily quitting, and that, despite medical complaints, husband had observed wife partaking of physically demanding activities around yard and house, and wife admitted to working outside home at various times during marriage); Riley v. Riley, 14 So.3d 1284 (Fla. 2d DCA 2009) (holding that trial court was required to impute at least a part-time income of minimum wage to wife; although wife had stayed home to raise parties’ children during most of marriage, children were grown, wife had worked part-time during marriage, and wife testified that she could do part-time work).
AFFIRMED in part; REVERSED in part; and REMANDED.
SAWAYA, J, and BLACKWELL, A.L., Associate Judge, concur.