DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JENNIFER D. HEARD,**
Appellant,

v.

**MIGUEL PERALES,**
Appellee.

No. 4D14-674

[June 10, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; F. Shields McManus, Judge; L.T. Case No. 10000948DRAXMX.

E. Christopher DeSantis, Stuart, for appellant.

Michael Rebuck of Michael Todd Rebuck, P.A., Palm City, for appellee.

LEVINE, J.

The mother appeals the denial of child support after the trial court imputed income to her. We find that the trial court erred in imputing income to the mother without the requisite findings and evidence of the mother's diligence or lack thereof in seeking employment. We further find that the father failed to meet his burden of demonstrating both the employability and the availability of jobs for the mother. We reverse and remand.

The mother and father had a child in 2009. In 2010, the father filed a petition to determine paternity and for related relief, including a determination of child support. The mother answered the petition and also requested a determination of child support.

During trial, evidence demonstrated that the mother, who had been a deputy sheriff, was terminated from her employment as a result of the mother recording conversations with the father without consent, as well as accessing the sheriff's office driver and vehicle information database over forty times for non-work related reasons. The mother utilized the database to learn information about the father's girlfriend and the father's

attorneys. As a deputy, the mother was earning $5,600 per month and netting $3,472 per month. Since her termination from the sheriff's office, the mother has had interviews with government agencies, as well as with a private company.

Evidence was introduced that the father had a yearly gross income of $52,886.

The trial court entered a final judgment of paternity, awarding the father the majority of the timesharing. As to child support, the trial court determined that the mother lost her employment due to her misbehavior related to this case. The trial court found that the mother was less likely to get a job in law enforcement due to her termination, but the trial court imputed to her a gross monthly income of $2,600—the equivalent of $15 per hour—based on the mother's past income, education, and experience. The trial court determined the father's gross annual income was $52,886. Because the child support worksheet showed that the father would pay only $4 a month to the mother, the trial court ordered no child support in this case. From this final judgment, the mother appeals.

"In considering the imputation of income, the standard of review is whether the trial court's determination is supported by competent, substantial evidence." *Schram v. Schram,* 932 So. 2d 245, 249 (Fla. 4th DCA 2005. Section 61.30(2)(b), Florida Statutes (2014), provides that a trial court shall impute monthly income to a voluntarily unemployed parent. In the event of voluntary unemployment, "the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community if such information is available." *Id.*

In imputing income, the trial court engages in a two-step process. First, the court must conclude that the termination of income was voluntary. *Schram,* 932 So. 2d at 249. Second, the court must determine whether the subsequent unemployment "resulted from the spouse's pursuit of his own interests or through less than diligent and bona fide efforts to find employment paying income at a level equal to or better than that formerly received." *Id.* at 249-50 (citation omitted). "When imputing income to a party, the trial court must set forth factual findings as to the probable and potential earnings level, source of imputed and actual income, and adjustments to income." *Id.* at 249. "The spouse claiming income should be imputed to the unemployed or underemployed spouse bears the burden of showing both employability and that jobs are available." *Durand v. Durand,* 16 So. 3d 982, 985 (Fla. 4th DCA 2009).

2

In the present case, as to the first step, the trial court found that the mother lost her employment as a result of her wrongful conduct. This finding is sufficient to support a conclusion that she was voluntarily unemployed. *See Vazquez v. Vazquez*, 922 So. 2d 368, 370 (Fla. 4th DCA 2006) (finding termination of employment was voluntary because it was caused by husband's own deliberate repeated misconduct). However, as to the second step, the trial court did not make any findings regarding the mother's diligence or lack thereof in seeking employment. Findings as to both steps are necessary in imputing income. *See Julia v. Julia*, 146 So. 3d 516, 522 (Fla. 4th DCA 2014) (reversing an order imputing income where the trial court did not make any findings whether the wife had been making diligent and bona fide efforts to find employment); *Wood v. Wood*, 40 Fla. L. Weekly D33 (Fla. 1st DCA Dec. 17, 2014) (reversing modification of support payments where order contained "no findings regarding the former wife's diligence or lack thereof in seeking employment in the job market in the community").

Moreover, the evidence does not support a finding that the mother's subsequent unemployment resulted from less than diligent and bona fide efforts to find employment. The father did not introduce any evidence as to the mother's employability and the availability of jobs. *See Durand*, 16 So. 3d at 985. In fact, the mother testified that she had interviewed for jobs with government agencies and a private company. There was no evidence that she was "subsequently willfully unemployed or that [she] failed to use [her] best efforts in seeking new employment." *Brown v. Cannady-Brown*, 954 So. 2d 1206, 1210 (Fla. 4th DCA 2007).

Because of the lack of necessary findings and evidence, we reverse and remand for a redetermination of child support.

*Reversed and remanded.*

STEVENSON and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3