Forst, J.
The appellant husband in this dissolution of marriage case argues that the trial court erred in its timesharing order regarding the parties’ children, in admitting certain evidence that related to the husband’s income, in imputing income to the husband, and in failing to impute more income to the appellee wife. We affirm the trial court’s determinations on timesharing and on the wife’s income without further *89 discussion. As discussed below, we find merit in the husband’s evidentiary argument, and our reversal on that issue requires the reversal of the imputation of income to the husband.
Background
The husband and the wife petitioned and counter-petitioned for dissolution of marriage. In the lead up to the hearing on those petitions, the wife filed an exhibit list with the court stating that she may introduce “All documents produced by the parties during discovery pursuant to 12.285 mandatory disclosure requirements” as well as bank statements, checks, and other proof of payments made to the husband.
At the hearing, which due to time constraints dealt only with the issues of parental responsibility, timesharing, and child support, the wife attempted to introduce bank statements from the husband’s personal accounts. The wife had acquired these statements through the mandatory disclosure processes of dissolution of marriage proceedings. The husband objected to the admission of these records on hearsay grounds.
The trial court initially agreed with the husband, ruling that the statements were inadmissible. The wife then attempted to ask the husband (who was on the stand as a witness) to read the records into evidence. The husband objected, saying that “Counsel is trying to backdoor the hearsay objection.” The trial court disagreed, stating that the wife was allowed to “ask him questions about those items.” The husband clarified that his objection was not to questions about the bank records, but to the reading of the actual text of the records which would put the contents into evidence without admitting the documents. The trial court then warned that it was “about to renege on [its] ruling and allow all this in.” After a discussion clarifying that the records were part of the husband’s mandatory disclosure, the court admitted the records over objection.
The records that were introduced included information regarding check deposits made in late 2013 (the hearing was in late 2015). The husband was unable to provide a source for these deposits, instead simply stating that he “might have borrowed money from [his] grandmother.”
In addition to the information in the bank records, the husband testified as to the profits from his business over the past three years. He testified that the business posted profits of $28,335 in 2013, $32,222 in 2014, and $23,846 through August of 2015, all of which went to him as personal income.
In its oral ruling at the end of the hearing, the trial court held that the “only thing [it] could do” to calculate the husband’s income was to “add another four months” to the money earned through August of 2015, resulting in a total income for 2015 of $32,000.
Ten days after the hearing, the court called the parties back for a “correction” of its judgment. The trial court ruled that the money from the 2013 checks, revealed in the husband’s bank records, was additional income, and that it should be divided into three (the number of months over which the checks spanned) and added to the husband’s income. This additional monthly income was more than the monthly income earned by the husband from his business. The husband again objected on hearsay grounds to the appropriateness of using the bank records as the foundation for this extra income.
The husband filed a motion to disqualify the trial judge, which was granted. The day after the motion was granted, the husband moved to vacate the ruling and for a new trial. About a month later, the original judge who had been disqualified *90 entered a Partial Judgment of Dissolution of Marriage with Parenting Plan, dated nunc pro tunc to the day of the second hearing.[1] This order determined that the husband had a “base income of $32,000 per year,” and stated that it would add $2,966 per month based on “carefully reviewing ... the [h]usband’s ... bank statements.” The husband’s motion to vacate the ruling was eventually denied.
Analysis
The parties disagree about whether the husband’s bank records were properly admitted into evidence. The husband claims these records were hearsay and no exception to the hearsay rule was met. The wife argues that compliance with section 90.803(6)(c), Florida Statutes (2013), was satisfied because she gave notice that the documents would be entered into evidence. In a similar vein, the trial court’s ruling was based on the fact that the documents were disclosed pursuant to Florida Family Law Rule 12.285, and the court’s decision implied that any and all documents disclosed pursuant to that rule were per se admissible.
“The standard of review for evidentiary rulings is abuse of discretion.” Holt v. Calchas, LLC, 155 So.3d 499, 503 (Fla. 4th DCA 2015). However, whether evidence is hearsay and whether evidence fits within an exception to the hearsay rule are questions of law reviewed de novo. Browne v. State, 132 So.3d 312, 316 (Fla. 4th DCA 2014).
“‘Hearsay’ is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” § 90.801, Fla. Stat. (2015). “Except as provided by statute, hearsay evidence is inadmissible.” § 90.802. One statutory exception to hearsay is the business records exception. § 90.803(6). That exception requires testimony of certain facts or, alternatively, “a certification or declaration” of those facts. § 90.803(6)(a). “A party intending to offer evidence ... by means of a certification or declaration shall serve reasonable written notice of that intention upon every other party ....” § 90.803(6)(c),
The bank records here were clearly hearsay—they were statements made by the husband’s bank regarding transactions made into and out of his accounts, introduced to show that those transactions occurred. The question before us is whether either Rule 12.285 (relied upon by the trial court) or section 90.803(6) (relied upon by the wife on appeal) allow the admission of those records in this case.
We hold first that the trial court erred in ruling that the records were admissible solely because they were disclosed pursuant to Rule 12.285. Documents that are mandatorily disclosed under that rule must still be admitted into evidence. See Fla. Fam. L.R.P. 12.285(g) (allowing the possible sanction of disclosed items being inadmissible, implying that admission is required). Nothing in Rule 12.285 suggests that disclosed items are per se admissible. In fact, the rules specifically contemplate that there may be some items disclosed pursuant to Rule 12.285 that might not be admissible. See Fla. Fam. L.R.P. 12.280 (stating that Florida Rule of Civil Procedure 1.280 governs family law discovery, *91 and referring to “disclosure[s]” as a form of discovery); Fla. R. Civ. P. 1.280(b)(1) (“It is not ground for objection [to discovery] that the information sought will be inadmissible at the trial .... ”).
The fact that something has been disclosed pursuant to mandatory disclosure does not render it immune from the standard rules of evidence, including having to demonstrate a proper exception to hearsay if the evidence is in fact hearsay. Disclosure allows the opposing party access to the documents; it does not by itself allow the documents to serve as evidence. The trial court was therefore incorrect in its reason for allowing the husband’s bank records into evidence.
On appeal, the wife takes a different approach, arguing that the records here were properly admitted under the business records exception to the hearsay rule because her exhibit list constitutes a notice of certification or declaration under section 90.803(6)(c).[2] The flaw in the wife’s argument is that, even assuming her exhibit list constituted “notice” under section 90.803(6)(c),[3] there is no evidence in the record that there ever existed a certification or declaration. This certification or declaration would have had to meet the requirements of section 90.902(11). See § 90.803(6)(a). That section requires the certification or declaration to state that the record sought to be admitted was made at or near the time of the occurrence or from information transmitted by a person with knowledge, was kept in the-course of regularly conducted activity, and was made as a regular practice in the course of the regularly conducted activity. § 90.902(11). No document certifying or declaring these required items was ever submitted to the trial court. Therefore, even assuming the wife properly gave notice of her intent to introduce the documents through this exception, she never followed through to actually present the certification or declaration and admit them.
Because there was no basis for the admission of the hearsay bank records, we reverse the trial court’s evidentiary determination. Without those records in evidence, there is no competent, substantial evidence of the husband making any income other than that from his business. See Heard v. Perales, 189 So.3d 834, 836 (Fla. 4th DCA 2015) (setting forward the competent, substantial evidence standard). The trial court therefore erred in imputing $2,966 extra per month to Husband.
On remand, the trial court is directed to consider only the evidence properly admitted when determining the husband’s income. We note that it is not error for a court to attempt to annualize income based on year-to-date income, see Henry v. Henry, 191 So.3d 995, 997 (Fla. 4th DCA 2016), but caution the trial courts generally to ensure that the math used in the annu- *92 alization process is correct. However, no reference should be made in this case to the husband’s bank records that the trial court erred in admitting.[4]
Conclusion
We affirm the trial court’s determinations regarding timesharing and the wife’s income. We reverse the trial court’s admission of the husband’s bank records because no exception to hearsay was established. This reversal requires us to also reverse the trial court’s imputation of $2,966 gross monthly income to the husband because the only foundation for that amount was the improperly admitted evidence. We remand for the trial court to enter a new order with an income for the husband based on the evidence properly admitted, annualized as necessary.

Affirmed in Part, Reversed in Part, and Remanded for further proceedings consistent with this opinion.

Ciklin, C.J., and Taylor, J., concur.

. Although this is not a final judgment, this Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii)b. which allows appeals of non-final orders dealing with "the rights or obligations of a party regarding child custody or time-sharing.” Although this opinion’s discussion focuses on the financial and eviden-tiary determinations made in the trial court, the judgment appealed also did involve time-sharing determinations, which we affirm without discussion.

. The wife may properly make this argument on appeal because the question is whether the trial court was correct in its result, not whether it was correct in its reasoning. Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla. 1999).

. We note that the wife’s exhibit list made no reference to a declaration or certification, and only stated that she intended to introduce the documents through some unstated means. Section 90.803(6)(c) states that a party must give written notice of “that intention,” after describing the intention as one "to offer evidence ... by means of a certification or declaration.” The wife’s exhibit list was therefore insufficient to serve as notice of an intention to introduce evidence by means of a certification or declaration, even if it were sufficient to serve as notice of an intention to introduce evidence.' Section 90.803(6)(c) requires not only notice of an intention to introduce, but also notice of the method of introduction. Such notice was not present in this case.

. Should these records be properly entered into evidence at a later stage of the proceedings, such as the trial determining alimony, the trial court must engage in the two-step process for imputation of income. Koscher v. Koscher, 201 So.3d 736, 740 (Fla. 4th DCA 2016). Under that process, in order to impute income the court must first conclude that the termination of income was voluntary, and must then determine whether the subsequent lowered income resulted from a less-than-diligent effort to find employment paying the foregone higher amount. Id. The trial court must "set forth factual findings as to the ... source of imputed and actual income .... ” Id. at 741 (quoting Schram v. Schram, 932 So.2d 245, 249 (Fla. 4th DCA 2005)). Even assuming here that the records had been properly admitted, the trial court did not follow this required process. There was no evidence introduced that would suggest that the husband voluntarily terminated an opportunity to earn $2,966 per month, nor was there any evidence that would suggest its source other than the husband’s guess that it may have been from his grandmother. Absent a finding of voluntary termination of income and a finding of a potential new source for that income, imputation is improper. This discussion should not be interpreted as a statement either way on the appropriateness of further attempts to introduce these records during later proceedings of this case.