DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JENNIFER HEARD,**
Appellant,

v.

**MIGUEL PERALES,**
Appellee.

No. 4D17-3115

[May 16, 2018]

Appeal and cross-appeal from the Circuit Court for the Nineteenth Judicial Circuit; Martin County, Michael J. McNicholas, Judge; L.T. Case No. 2010-DR-948.

E. Christopher DeSantis, Stuart, for appellant.

Michael Rebuck of Michael Todd Rebuck, P.A., Palm City, for appellee.

PER CURIAM.

The mother appeals, and the father cross-appeals, a final judgment of child support in which the court imputed income to the mother at minimum wage. The court entered the final judgment after this court reversed a prior final judgment imputing income. *Heard v. Perales*, 189 So. 3d 834 (Fla. 4th DCA 2015). The mother contends that the court exceeded the appellate mandate in holding a new hearing on the issue and abused its discretion in imputing any income to her. The father contends that the court erred in failing to impute income at the level of her prior employment or at least at the average median wage of the community. We conclude that the court did not abuse its discretion in the imputation of income and affirm.

The trial court rejected the mother's evidence of her inability to obtain a job because of her need for accommodations in employment. It concluded that she had worked for ten years with her claimed disabilities and had made substantial income, although that level was no longer available to her. It concluded that her job search was not adequate. On the father's claim, the court rejected the use of the mother's prior earnings

1

because the court found that the mother could not duplicate those earnings. It also refused to impute the U.S. Census Bureau median level of income, because the level placed in evidence by the father was not for the year 2014, as the court interpreted our mandate as requiring reconsideration as of the date of the prior final judgment.

The court did not exceed our mandate in holding a new hearing. *See Brennan v. Brennan*, 184 So. 3d 583, 588 (Fla. 4th DCA 2016). Moreover, the case was heard by a successor judge, and "a successor judge may not enter an order or judgment based upon evidence heard by the predecessor." *Beattie v. Beattie*, 536 So. 2d 1078, 1079 (Fla. 4th DCA 1988); *accord Alcenat v. Alcenat*, 989 So. 2d 738, 739 (Fla. 4th DCA 2008).

"The imputation of income will be affirmed if supported by competent, substantial evidence." *Hudson-McCann v. McCann*, 50 So. 3d 735, 737 (Fla. 5th DCA 2010). Here, there was evidence to support the court's rejection of the mother's contention that she was unable to work. She had worked for ten years with her claimed disabilities, and her applications for employment showed that jobs were available. The court concluded that her job search was not adequate. The mother had the ability to work with her limitations in her prior occupation, and there was no showing that her disabilities prevented her from obtaining a job. The court rejected the father's contention that income commensurate to her income at her prior employment should be attributed to her. There was evidence that because of the circumstances of her termination, she would not be employable in comparable positions in the future. It also refused to impute the U.S. Census Bureau median level of income, because the level placed in evidence by the father was not for the year 2014, the year for determining the income level for the wife based on the prior hearing. The court imputed minimum wage income to the mother. Because section 61.30, Florida Statutes (2014), requires that each parent support the child, we conclude that once the court found that the mother was able to work, the court was required to impute some level of income to her. Given the paucity of evidence to support a level of income other than that rejected by the trial court, the court did not abuse its discretion.

*Affirmed.*

MAY and DAMOORGIAN, JJ., concur.
WARNER, J., concurs specially with opinion.

2

WARNER, J., concurring specially.

While I concur in the majority opinion, had the father argued that section 61.30(1), Florida Statutes (2014), *requires* imputation of U.S. Census Bureau median income where the presumption of its application is not refuted, I would have reversed for a new hearing.

The parties and the trial court relied on *Schram v. Schram*, 932 So. 2d 245 (Fla. 4th DCA 2005). We explained in *Heard v. Perales*, 189 So. 3d 834, 836 (Fla. 4th DCA 2015), the steps the trial court must take in imputing income:

> In imputing income, the trial court engages in a two-step process. First, the court must conclude that the termination of income was voluntary. *Schram*, 932 So. 2d at 249. Second, the court must determine whether the subsequent unemployment "resulted from the spouse's pursuit of his own interests or through less than diligent and bona fide efforts to find employment paying income at a level equal to or better than that formerly received." *Id.* at 249–50 (citation omitted). "When imputing income to a party, the trial court must set forth factual findings as to the probable and potential earnings level, source of imputed and actual income, and adjustments to income." *Id.* at 249. "The spouse claiming income should be imputed to the unemployed or underemployed spouse bears the burden of showing both employability and that jobs are available." *Durand v. Durand*, 16 So. 3d 982, 985 (Fla. 4th DCA 2009).

*Schram,* however, was decided prior to the 2010 amendments to the child support statutes. The legislature enacted section 61.29(1), Florida Statutes (2011), which declared that, "Each parent has a **fundamental** obligation to support his or her minor or legally dependent child." (emphasis added). Section 61.30(2)(b), Florida Statutes (2011), modified the determination of imputation of income. That section now provides:

> (b)  Monthly income shall be imputed to an unemployed or underemployed parent if such unemployment or underemployment is found by the court to be voluntary on that parent's part, absent a finding of fact by the court of physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the

3

employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community if such information is available. **If the information concerning a parent's income is unavailable, a parent fails to participate in a child support proceeding, or a parent fails to supply adequate financial information in a child support proceeding, income shall be automatically imputed to the parent and there is a rebuttable presumption that the parent has income equivalent to the median income of year-round full-time workers as derived from current population reports or replacement reports published by the United States Bureau of the Census.** However, the court may refuse to impute income to a parent if the court finds it necessary for that parent to stay home with the child who is the subject of a child support calculation or as set forth below:

1. **In order for the court to impute income at an amount other than the median income of year-round full-time workers as derived from current population reports or replacement reports published by the United States Bureau of the Census, the court must make specific findings of fact consistent with the requirements of this paragraph.** The party seeking to impute income has the burden to present competent, substantial evidence that:

a. The unemployment or underemployment is voluntary; and

b. Identifies the amount and source of the imputed income, through evidence of income from available employment for which the party is suitably qualified by education, experience, current licensure, or geographic location, with due consideration being given to the parties' time-sharing schedule and their historical exercise of the time-sharing provided in the parenting plan or relevant order.

§ 61.30(2)(b), Fla. Stat. (2014) (emphasis added). Thus, the legislature has strengthened the requirement that each party must contribute to the support of his or her child as a *fundamental* responsibility of parenthood.

Therefore, it is the court's obligation to impute income as necessary, where a court finds that a parent is voluntarily unemployed or underemployed.

Furthermore, the legislature created a rebuttable presumption that a default amount of income — U.S. Census Bureau median income for full time workers — must be imputed when the evidence is insufficient for the court to make an individualized determination of imputed income for the parent.[1] Judges may take judicial notice of the census. *See, e.g., Yoo Kun Wha v. Kelly*, 154 So. 2d 161, 164 (Fla. 1963). In light of these statutory changes, litigants should be cognizant of the application of the U.S. Census Bureau median income evidence as the "automatic" default level of income in cases of imputed income. Because there is a rebuttable presumption, any party seeking to avoid application of the presumed amount of the U.S. Census Bureau median income will have the burden of persuasion.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] The presumption is one "affecting the burden of producing evidence and requiring the trier of fact to assume the existence of the presumed fact, unless credible evidence sufficient to sustain a finding of the nonexistence of the presumed fact is introduced, in which event, the existence or nonexistence of the presumed fact shall be determined from the evidence without regard to the presumption[.]" § 90.302(1), Fla. Stat. (2014).