ANTOON, Judge.
We have for review the judgments and sentences imposed upon Willie J. Walker (defendant) for the crimes of burglary of a dwelling[1] and grand theft[2]. The defendant raises three claims of error, but only the assertion that the trial court’s orally pronounced sentence and restitution award are at variance with the court’s written sentencing orders possesses merit. We must remand this matter to the trial court for correction of these sentencing documents.
At the sentencing hearing, the trial court determined that the defendant was an habitual felony offender. The court then stated that the defendant was to serve a twenty-five-year term of imprisonment for the crime of burglary of a dwelling and a concurrent ten-year term of imprisonment for the crime of grand theft. However, the written sentencing order reflects a concurrent sentence of twenty-five years’ imprisonment for the grand theft conviction. The sentence of twenty-five years’ imprisonment must be stricken and, on remand, a proper *402 sentence of ten years’ imprisonment must be imposed on the defendant’s grand theft conviction. See Jackson v. State, 463 So.2d 372 (Fla. 5th DCA 1985), rev. denied, 482 So.2d 345 (Fla.1986).
There was also a disparity between the orally pronounced restitution award and the award appearing in the written restitution order. At trial, the victim specially described the items taken and stated that the total value of the property was $360. At the sentencing hearing, the trial court stated that restitution would be awarded “for the value of the property which was taken in this ease and not recovered.” However, the written restitution order prepared at the conclusion of the proceedings provides that the defendant must pay $57 “for income lost as a result of the offense” and “$645 for items stolen and damages.” Thus, the order setting restitution must also be stricken because it fails to conform with the trial court’s oral pronouncement. See Williams v. State, 645 So.2d 594 (Fla. 2d DCA 1994). Accordingly, we vacate the restitution order with directions that, on remand, a proper restitution order be entered.
JUDGMENTS AFFIRMED; SENTENCES AFFIRMED in part and REVERSED in part; CAUSE REMANDED.
GOSHORN and THOMPSON, JJ., concur.

. § 810.02, Fla. Stat. (1995).

. § 812.014, Fla. Stat. (1995).