711 So.2d 200 (1998)
Harrison HAMPTON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 98-206.
District Court of Appeal of Florida, Fifth District.
May 15, 1998.
*201 Harrison Hampton, Bowling Green, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Harrison Hampton, Jr. (defendant) appeals the trial court's order denying his motion for postconviction relief. See Fla.R.Crim.P. 3.850. In his motion, the defendant argued that he was improperly sentenced as an habitual felony offender on a misdemeanor conviction, and that two of his five sentences improperly exceeded the statutory maximum. We reverse the order denying the defendant's motion for postconviction relief and remand this matter for resentencing.[1]
On count III, the defendant was convicted of committing the offense of reckless driving, a misdemeanor,[2] but the written sentencing order indicates that the defendant was adjudicated to be an habitual "felony" offender on this count. This adjudication was incorrect and therefore must be stricken. See § 775.084, Fla. Stat. (1995).
On count II, aggravated fleeing and eluding a law enforcement officer,[3] and count V, leaving the scene of an accident involving personal injury,[4] the trial court sentenced the defendant to a term of five years' imprisonment followed by five years' probation. Both of these crimes are third-degree felonies, and thus the trial court was not authorized to impose a sentence greater than five years unless the defendant was sentenced as an habitual offender. See § 775.084, Fla. Stat. (1995). See also Soria v. State, 584 So.2d 1130, 1131 (Fla. 5th DCA 1991)(combined imprisonment and probation may not exceed the statutory maximum).
The defendant maintains that he was not sentenced as an habitual offender on these counts and the instant record is unclear on this issue. In that regard, the trial court stated at the sentencing hearing that it didn't "have any problem determining that [the defendant] is a[n] habitual offender," and then sentenced the defendant as an habitual offender on count I. However, the court did not specifically state that the defendant was to be sentenced as an habitual offender on counts II and V. The written sentencing order indicates that the defendant was sentenced as an habitual felony offender for "[c]ounts I, II, III." Generally, a trial court's oral pronouncement controls over a conflicting written sentencing order. See Walker v. State, 701 So.2d 401, 402 (Fla. 5th DCA 1997). However, because the trial court's oral pronouncement in this case does not clearly indicate what the trial court intended, *202 this case must be remanded so that the trial court can clarify whether the defendant was sentenced as an habitual felony offender on counts II and V. See Whitfield v. State, 569 So.2d 528 (Fla. 5th DCA 1990).
Accordingly, we reverse the order denying the defendant's motion for postconviction relief and remand this matter to the trial court with directions to strike the habitual felony offender status imposed on count III and to resentence the defendant on counts II and V.
REVERSED and REMANDED.
COBB and PETERSON, JJ., concur.
NOTES
[1] The judge who denied the defendant's motion for postconviction relief was not the judge who initially sentenced the defendant.
[2] § 316.192, Fla. Stat. (1995).
[3] § 316.1935, Fla. Stat. (1995).
[4] § 316.027, Fla. Stat. (1995).