746 So.2d 493 (1999)
K.F. and D.C., Children, Appellants,
v.
STATE of Florida, Appellee.
Nos. 99-82 & 99-85.
District Court of Appeal of Florida, First District.
November 8, 1999.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellants.
Robert A. Butterworth, Attorney General; Lori D. Stith and L. Michael Billmeier, Assistant Attorneys General, Tallahassee, for Appellee.
*494 JOANOS, J.
In this juvenile proceeding, appellants K.F. and D.C. seek review of several trial court rulings. Specifically, appellants challenge the restitution amount assessed against them by the trial court, the discrepancy between the trial court's oral pronouncement and the written restitution order, and the alleged inaccuracy in the disposition order. We affirm in part, and reverse in part.
The state filed petitions for delinquency against appellants charging that on May 23, 1998, appellants committed the offenses of burglary of a structure and grand theft. Subsequently, appellants pled nolo contendere to the charges of burglary of a dwelling; the grand theft charges were dismissed.
At a restitution hearing, the burglary victim presented a list of the items which had been removed from his residence and had not been recovered during the police investigation of the incident. The victim testified that in an effort to determine the value of each item in its used condition, he visited various pawn shops and checked the prices of similar items. The father of one of appellants' co-defendants[1] testified that he performed a similar exercise, i.e., he visited three pawn shops in Gainesville, Florida, and obtained estimates of value of the items set forth on the victim's list. For the most part, the estimates of value presented by the defense witness were less than the values presented by the victim.
The trial court adopted the victim's estimate of the values of his missing property, with the exception of one item. The court determined that a Zippo lighter should be valued at $10.00, rather than the $100.00 estimate offered by the victim. At the conclusion of the hearing, the trial court pronounced restitution in the amount of $3,461.00 to be assessed against appellants. However, the written restitution order reflects that restitution was assessed in the amount of $3,481.00. Similarly, the written disposition orders indicate that appellants pled nolo contendere to burglary and grand theft, while the record reflects that appellants entered pleas only to the charge of burglary.
The general rule is that the fair market value of property is deemed sufficient to compensate the victim of an offense for his or her loss. See State v. Hawthorne, 573 So.2d 330, 333 (Fla.1991). Moreover, an owner of property is considered to be qualified to testify as to the fair market value of that property at the time of theft. See id. at 333, n. 6. See also Vickers v. State, 303 So.2d 700 (Fla. 1st DCA 1974), cert. denied, 315 So.2d 187 (Fla.1975).
We reject appellants' challenge to the restitution amount established by the trial court. We find no abuse of discretion in the trial court's acceptance of the victim's estimates of the value of his unrecovered property. Since there is competent substantial evidence to support the trial court's restitution decision, we affirm with regard to this issue. Nevertheless, a written restitution order must conform to the trial court's oral pronouncement. See Brown v. State, 605 So.2d 588 (Fla. 1st DCA 1992); Walker v. State, 701 So.2d 401, 402 (Fla. 5th DCA 1997). Therefore, we must remand for correction of the written restitution order to reflect the amount orally pronounced by the court. Similarly, the state properly concedes the cause must be remanded for correction of the disposition orders to reflect that appellants entered pleas only to the burglary charged in Count I of the petition.
Accordingly, the amount of restitution established by the trial court's oral pronouncement is affirmed. However, the written restitution orders and the disposition *495 orders are remanded for correction in the manner specified in this opinion.
WOLF and BENTON, JJ., CONCUR.
NOTES
[1] Four juveniles were charged with the underlying offenses. Although all four co-defendants were present at the restitution hearing, this appeal concerns only K.F. and D.C.