994 So.2d 374 (2008)
Luis J. LOPEZ, Appellant,
v.
Tanis H. LOPEZ, Appellee.
No. 3D07-2050.
District Court of Appeal of Florida, Third District.
October 8, 2008.
Rehearing Denied November 5, 2008.
Steven N. Abramovitz, for appellant.
Rosenthal Rosenthal Rasco and Jessica B. Lassman, Aventura, for appellee.
*375 Before RAMIREZ and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
ROTHENBERG, J.
Luis Lopez ("the father") appeals from a supplement to a final judgment dissolving his marriage with Tanis H. Lopez ("the mother"). The supplement sets the amount of the father's monthly child support obligation at $709 per month. We affirm.
The father and the mother have two minor children. On December 27, 2006, the trial court entered a final judgment of dissolution of marriage. The original final judgment did not specify the amount of the father's child support obligation. Instead, it ordered that the father pay child support to the mother in accordance with the child support guidelines, finding that the father's income was $3400 per month.
From November 2006 through March 2007, the father voluntarily paid, and the mother accepted, $709 per month. However, in April 2007, the father unilaterally determined that according to the guidelines, his monthly payment should have been $479.49. Therefore, in April 2007, he began making reduced payments of $249.98 to compensate for what he believed he had previously overpaid.
The mother moved to clarify the original final judgment and determine the appropriate dollar amount of the father's child support obligation. Before the hearing on the mother's motion, the parties reached an agreement through Family Court Services as to a timesharing schedule with the children. That agreement was incorporated into the supplement to the final judgment.
After settling the issue of summer timesharing at a hearing conducted on June 22, 2007, the trial court addressed the father's child support obligation. The father argued that he is responsible for the children for over forty percent of the overnights per year, and therefore, under the timesharing agreement, he should only be required to pay $479.49 per month. The mother claimed that based upon a guidelines worksheet she prepared, the father's monthly obligation should be $1,000.84. The mother, however, conceded that the father did have responsibility for the children for more than forty percent of the year, every other year. Based upon the timesharing agreement, the trial court set the father's obligation at $709 per month, which was a rough average of the two figures presented at the hearing, and the amount the father had been paying before he reduced his payments. The father claims this was error.
In determining a party's child support obligation, the trial court is granted broad discretionary authority, and its findings will not be overturned absent an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980). Here, the father claims the trial court abused its discretion by considering the parties' previous child support agreement, failing to make required statutory deductions, and considering the average of the conflicting figures presented at the hearing. We disagree.
The trial court found that the $479.49 monthly payment urged by the father would be appropriate if the father had overnight responsibility for the children for forty percent or more of the time. The trial court also found that the $1,000.84 payment urged by the mother would be appropriate if the father had overnight responsibility less than forty percent of the time. However, the parties' timesharing agreement provides that the father's time with the children changes every other year. As the trial court noted, *376 "one year the [father will] have the children more than 40% of the time and the next year he [will] have the children less than 40% of the time." The trial court found that the father's monthly obligation ought to lie somewhere in-between the two figures urged by the parties, and thus, the trial court averaged the two figures. This was not an abuse of the trial court's discretion.
Section 61.30(11)(a)(11), Florida Statutes (2007), provides that when setting a party's monthly child support obligation, a trial court may consider "[a]ny other adjustment which is needed to achieve an equitable result." In addition to the statutory downward adjustment urged by the father, the trial court considered: (1) the need to set the amount of the father's obligation between $479.79 and $1,000.84 pursuant to the timesharing agreement; (2) the parties' incomes; (3) the needs of the children; (4) the parties' five months of successful operation by agreement at the $709 level; and (5) the father's unilateral attempt to reduce his monthly payment.
In light of all these factors, the trial court considered that setting the father's monthly child support obligation at $709 would achieve an equitable result. The father does not credibly claim that the trial court's findings or considerations were not supported by the evidence. Accordingly, we cannot say that the trial court abused its discretion by setting the father's monthly child support obligation at $709.
Affirmed.