PER CURIAM.
 

 In January 2009, Roy O. Daniels filed a rule 3.850 motion for postconviction relief. In it, he challenged a plea he allegedly entered into in his 1996 lower tribunal case, which was in connection with violation of probation (VOP) proceedings initiated in 2001. The trial court dismissed the motion as a legal nullity because, at that time, Daniels was represented by counsel in a then-pending VOP proceeding based on a 2008 affidavit of VOP. Daniels argues he was not represented by counsel in connection with his collateral attack on the 2001 proceedings. The trial court did not attach anything to the order of denial to show that he was.
 

 We affirm, however, because Daniels’s motion was legally insufficient. This is because, even if something occurred in the 2001 proceedings that might have constituted a proper ground for relief — which the motion’s eonclusory allegations do not make clear
 
 [1]
 
 — the motion should have been dismissed as untimely because Daniels neither showed that the motion was filed within two years after the conclusion of the 2001 VOP proceedings, nor stated any facts to bring his motion within an exception to the two-year time limit of rule 3.850(b).
 

 Affirmed.
 

 STEVENSON, HAZOURI and MAY, JJ., concur.
 

 [1]
 

 . It appears that Daniels’s probation must have been reinstated after the 2001 VOP proceedings. He argued that his registration requirements changed. His motion did not explain how the change resulted from the 2001 VOP proceedings, rather than from the plea that resulted in his being placed on probation prior to the 2001 VOP proceedings.