DAMOORGIAN, J.
 

 Sandra I. Rodriguez (the former wife) and Roberto Medero (the former husband) were married in 1988 and separated in 1999. They are the parents of three children.
 

 On February 9, 2006, the former husband filed a Verified Petition for Dissolution of Marriage. In its final judgment on the petition, the trial court dissolved the parties’ marriage; chose a valuation date for the parties’ marital property and equitably divided that property; imputed income to the former wife and declined to award any alimony to her; awarded primary residential responsibility to the former wife and ordered a 60/40 timesharing arrangement; ordered the former husband to pay $940 per month in child support along with $35 per month in child support arrears; and found that the former husband did not have the ability to pay any portion of the former wife’s attorney’s fees.
 

 In August 2007, the former husband filed a motion to alter or amend the final judgment pursuant to Florida Rule of Civil Procedure 1.530(g). In that motion he argued, among other things, that he was statutorily entitled to a downward adjustment in child support based on the 60/40 timesharing arrangement ordered by the court in the final judgment. He also asked the trial court to come up with a specific visitation schedule because the parties had been unable to agree on one.
 

 The trial court held a hearing on the former husband’s motion on March 26, 2008, almost eight months after the motion was filed. The hearing was delayed so that the parties could mediate the issue of the visitation schedule. After the hearing, the trial court entered an Amended Final Judgment of Dissolution of Marriage in which it created a specific 60/40 timeshar-ing schedule and adjusted the former husband’s child support obligation down to $349 per month pursuant to section 61.30(ll)(b), Florida Statutes (2007).
 

 The former wife appeals several of the trial court’s rulings in the Amended Final Judgment of Dissolution of Marriage. We find no error in the trial court’s determination of a valuation date for the parties’ marital property; in its ruling that the former husband’s voluntary payments during the parties’ separation should be credited towards his child support arrears obligation; nor in its decision not to award attorney’s fees to the former wife. We also reject the former wife’s argument that the amended final judgment should be set aside because of procedural errors. We do not find it necessary to address these issues any further.
 

 Nevertheless, we write to address two of the former wife’s arguments on appeal that do have merit. First, we reverse the trial court’s imputation of income to the former wife because the former husband did not meet his burden of proof and because the trial court’s findings are not supported by competent, substantial evidence in the record. On remand, the trial court must reconsider the issues of alimony, child support, and attorney’s fees based on the proper amount of income attributable to the former wife. We also reverse and remand the issues of time-sharing and child support because the trial court’s oral pronouncements on those issues were ambiguous and we cannot determine whether those pronouncements comport with the written final judgment. On
 
 *870
 
 remand, the trial court must clarify its oral pronouncements and enter a final order reflecting the clarified pronouncements.
 

 Income Imputed to the Former Wife
 

 The former wife argues that the trial court improperly imputed income to her because the former husband did not meet his burden to establish that imputation was warranted. We agree.
 

 “The standard of review governing a trial court’s imputation of income is whether the determination is supported by competent, substantial evidence.”
 
 Brown v. Cannady-Brown,
 
 954 So.2d 1206, 1207 (Fla. 4th DCA 2007). Section 61.30(2)(b), Florida Statutes (2006), governs the imputation of income for child support purposes:
 

 Income on a monthly basis shall be imputed to an unemployed or underemployed parent when such employment or underemployment is found to be voluntary on that parent’s part, absent physical or mental incapacity or other circumstances over which the parent has no control.
 

 The trial court is free to determine the credibility of witnesses, but must adhere to the following two-step process to properly impute income to a party:
 

 First, the trial court must conclude that the termination of income was voluntary; second, the court must determine whether any subsequent underemployment “resulted from the spouse’s pursuit of his own interests or through less than diligent and bona fide efforts to find employment paying income at a level equal to or better than that formerly received.”
 

 Konsoulas v. Konsoulas,
 
 904 So.2d 440, 444 (Fla. 4th DCA 2005) (quoting
 
 Ensley v. Ensley,
 
 578 So.2d 497, 499 (Fla. 5th DCA 1991)). The burden of proof is on the party seeking to impute income to the other party.
 
 Brown,
 
 954 So.2d at 1209.
 

 At the final hearing, the former wife testified that she works part-time for American Airlines earning $1,733.33 per month. Medical problems prevent her from standing for long periods of time and have forced her to work only part-time since August 2006. She would take a full-time position with American Airlines if one were offered to her, but she would have to give away some of her hours to co-workers because of her medical conditions.
 

 In the final judgment, the trial court made the following findings with regard to the former wife’s income:
 

 J. Although the Wife testified that she has difficulty standing on her feet for long periods of time, there has been no expert testimony suggesting the Wife’s inability to work. The Wife recovered from a serious illness and she is taking medication for a condition from which she recovered in 2000.
 

 K. Both parties have an equal ability to work, and the Wife has a higher hourly wage than does the Husband. Until the fall of 2006, after the filing of the Petition for Dissolution of Marriage, the Wife had been working full time. However, her employer is able to schedule her for 40 hours per week or more; and the Court finds that she is capable of working a full time job.
 

 The record does not support the trial court’s finding that the former wife is voluntarily underemployed and currently capable for working full-time. The trial court improperly placed the burden on the former wife to prove her inability to work through expert testimony.
 
 See id.
 
 (stating that the burden is on the party seeking to impute income). The former wife presented un-refuted testimony that her medical conditions prevent her from working full-time.
 

 
 *871
 
 In addition, there is no evidence on the record to support the trial court’s finding that the former wife’s employer is able to schedule her for forty hours per week or more. When asked if she is able to work forty hours each week if she wanted to, the former wife replied, “[n]o, I can’t pick up that many hours.” Thus, even if the trial court disbelieved the former wife’s testimony about her medical conditions, the former husband did not present competent, substantial evidence that the former wife’s current underemployment is the result of her less-than-diligent efforts to find suitable full-time employment.
 

 We reverse the portion of the trial court’s final order imputing income to the former wife. On remand, the trial court must reconsider child support and arrear-ages, alimony, and attorney’s fees based on the proper amount of income attributed to the former wife.
 

 Timesharing and Child Support
 

 The former wife argues that the trial court’s oral pronouncements on timeshar-ing and child support differed from its written final judgment on those subjects. She asserts that the trial court ordered a 61/39 timesharing arrangement and made clear that it did not want to use the “gross-up method” in this case.
 
 [1]
 
 The former husband contends that the trial court clearly ordered a 60/40 timesharing arrangement at the final hearing, consistent with the court’s ruling in the written final judgment.
 

 At the conclusion of the final hearing on the petition for dissolution, the trial court ordered a 60/40 timesharing arrangement. Then, the court repeated multiple times that it was not using the “gross-up method” to calculate child support. The former wife’s attorney told the trial court that it was required by statute to use the “gross-up method” if it imposed the 60/40 time-sharing schedule. The court then said, “[a]ll right. Let’s do it 39 — let’s not do gross-up.” The former wife’s attorney clarified, “[cjhild support based on no gross-up?” to which the court responded, “lyleah.”
 

 In its final written judgment on the petition for dissolution the trial court granted the former wife primary residential responsibility and ordered a 60/40 timeshar-ing arrangement. The court obligated the former husband to pay $940 per month in child support, an amount that was calculated without using the “gross-up method.”
 

 The former husband then filed his motion to alter or amend the final judgment, arguing that the trial court was statutorily obligated to use the “gross-up method” to calculate child support because it had ordered that the children spend forty percent of their time with him. In its amended final judgment, the trial court adjusted the former husband’s child support obligation to $349 per month using the “gross-up method.”
 

 We hold that the trial court’s oral rulings on child support and timesharing at the final hearing were ambiguous, making it impossible to determine whether the written final judgment differs from those rulings. Although the trial court repeatedly expressed its desire not to use the “gross-up method” to calculate child support, it never
 
 fully
 
 addressed the type of timesharing arrangement it wished to implement so that the “gross-up method” was not necessary. As such, we remand the issues of child support and timesharing
 
 *872
 
 for the trial court to clarify its oral rulings and calculate child support based on the clarified rulings.
 
 See Brewer v. Brewer,
 
 3 So.3d 432, 433 (Fla. 2d DCA 2009) (“Reversal is required where the final judgment is inconsistent with the trial court’s oral pronouncement.”);
 
 see also Pineiro v. Law Firm of Franklin & Criscuolo,
 
 976 So.2d 1146, 1146 (Fla. 4th DCA 2008) (reversal and remand required so that the trial court can amend the order to reflect its oral ruling);
 
 cf. Hampton v. State,
 
 711 So.2d 200, 201-02 (Fla. 5th DCA 1998) (remanding the case for the trial court to clarify the defendant’s sentence because the trial court’s oral pronouncement did not clearly indicate what the trial court intended).
 

 Accordingly, we reverse the portions of the amended final judgment imputing income to the former wife and determining timesharing and child support. On remand, the trial court must re-consider timesharing, child support and arrearages, alimony, and attorney’s fees in light of this court’s decision.
 

 Affirmed in part; Reversed in part and Remanded for further proceedings.
 

 GROSS, C.J., and GERBER, J., concur.
 

 [1]
 

 . Section 61.30(11)(b), Florida Statutes (2007), mandates a reduction in child support whenever the noncustodial parent spends a "substantial amount of time” with the children, meaning more than forty percent of the overnights of the year.
 
 See also Harwood v. Ying Li,
 
 909 So.2d 396 (Fla. 4th DCA 2005). The parties in this case refer to this method of calculating child support as the "gross-up method.”