DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DESMOND D. DILLION,**
Appellant,

v.

**DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT
PROGRAM,**
Appellee.

No. 4D15-1434

[April 27, 2016]

Appeal from the State of Florida, Department of Revenue, Child Support
Enforcement Program; L.T. Case No. 2000780346.

Desmond D. Dillion, Lauderhill, pro se.

Pamela Jo Bondi, Attorney General, and Toni C. Bernstein, Senior
Assistant Attorney General, Tallahassee, for appellee.

STEVENSON, J.

Desmond Dillion (the Father) appeals an order issued by the
Department of Revenue which sets forth his child support obligation. We
vacate the order and remand.

A noncustodial parent's child support obligation is calculated based on
the financial affidavits submitted by the parties along with any other
information available to the Department. § 409.2563(5)(a), Fla. Stat.
(2015). Here, the Father's financial affidavit claimed the parents have a
time-sharing arrangement and that, under the arrangement, their child
spends nearly forty percent of her time at his house. Where a child spends
a substantial amount of time with the noncustodial parent under a time-
sharing arrangement, a reduction in that parent's child support obligation
is mandated. *Rodriguez v. Medero*, 17 So. 3d 867, 871 n.1 (Fla. 4th DCA
2009); *see also* § 61.30(11)(b), Fla. Stat. (2015).

When the Father failed to appear before the Administrative Law Judge
for the evidentiary hearing, the judge closed the file and relinquished
jurisdiction back to the Department without making any findings. The

Father wrote a letter explaining why he missed the hearing and asking that it be rescheduled.[1]  The Department did not respond and issued the order on appeal, finding the Father waived his right to a hearing and calculating his support obligation without any mention of the parties' time-sharing arrangement.

If an agency enters an order on *undisputed* evidence, the order must be upheld by this court if it is supported by competent, substantial evidence. *See Miley v. Dep't of Revenue ex rel. Barker*, 23 So. 3d 1284 (Fla. 4th DCA 2010).  However, if this court finds that the validity of the agency action depends on *disputed* facts, and there has been no hearing prior to agency action, this court "shall" remand for "further proceedings." § 120.68(7)(a), Fla. Stat. (2016); *Brown v. State, Dep't of Fin. Servs.*, 899 So. 2d 1246, 1248 (Fla. 4th DCA 2005) (remanding for an administrative hearing because of the "need to first make credibility and factual determinations concerning appellant's claims").

We find the validity of the Department's action depends on disputed facts—specifically the existence and terms of the parties' time-sharing arrangement.  It is the public policy of this state to encourage separated parents to engage in frequent and continuing time-sharing.  § 61.13(2)(c)1., Fla. Stat. (2015).  The Department erred when it failed to conduct an evidentiary hearing because the financial affidavits submitted by the parties presented disputed facts which affected the calculation of the Father's support obligation.

*Vacated and remanded.*

GROSS and FORST, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] His letter is in the form of an apology to the Administrative Law Judge explaining that he was fifteen minutes late to the hearing because he was given an incorrect address (by telephone).  He states that, when he arrived, the security guard would not let him in and told him the judge would not see him.  The Department does not dispute this version of what happened on the morning of the hearing; it simply maintains that the Father was given the correct address in the written "notice of hearing" that was mailed to him.