# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**KARVOILL K. WILLIAMS,**
Appellant,

v.

**ROOSDELE BOSSICOT** a/k/a **ROOSEDELE BOSSICOT,**
Appellee.

No. 4D20-524

[July 8, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott I. Suskauer, Judge; L.T. Case No. 50-2019-DR-000385-XXXX-NB.

Tasha M. Simmonds of The Law Firm of Ayo & Iken, PLC, Fort Lauderdale, for appellant.

Craig A. Boudreau of Boudreau Law, West Palm Beach, for appellee.

DAMOORGIAN, J.

Karvoill K. Williams ("Father") appeals the trial court's final judgment of determination of paternity, time-sharing, and child support. After considering the several issues raised by Father, we hold that the trial court's child support award failed to take into account the substantial amount of time-sharing awarded to Father. We affirm without further comment the other issues raised by Father.

Father and Roosdele Bossicot ("Mother") were involved in a romantic relationship which produced one child. Mother resides in Florida with the child, and Father resides in North Carolina. Mother filed a petition to determine paternity, a time-sharing schedule, and an award of child support.

Following a non-jury trial, the trial court entered a written final judgment of determination of paternity. The final judgment also contained a parenting plan which established the following time-sharing schedule for Father:

a. <u>Thanksgiving</u>. In odd-numbered years, the entire Thanksgiving Break commencing from the end of school until 6:00 p.m. the night before the resumption of school.

b. <u>Christmas</u>. In even-numbered years, Winter Break from the last day of school until two days before the recommencement of school.

c. <u>Summer</u>. In even-numbered years from the Sunday after the end of school until 6:00 p.m. ten days before the start of the school year.

d. <u>Spring Break</u>. Every from the end of school until 6:00 p.m. on the day before the resumption of school.

e. <u>Floating weekends</u>. Father shall be entitled to weekend timesharing from the end of school until 4:00 p.m. (6:00 p.m. if Father is exercising timesharing in South Florida or returning child to Mother's residence) the night before the resumption of school in the months of February, April, September, November in even-numbered years, and December in odd-numbered years. November and December weekend timesharing cannot interfere with Thanksgiving or Winter Break.

Based on the amount of time-sharing awarded to Father, the trial court made a finding that the child spends a substantial amount of time with both parents: 23% with Father and 77% with Mother. Finally, Father was ordered to pay child support in the amount of $750 per month.

Father argues that the trial court's award of child support fails to take into account its own finding that Father has a substantial amount of time-sharing with the child. Accordingly, the child support amount should be reduced because Father will be caring for the child's needs when the child is with him. We agree.

"A child support determination is within the sound discretion of the trial court, subject to the statutory guidelines and the reasonableness test." *Ondrejack v. Ondrejack*, 839 So. 2d 867, 871 (Fla. 4th DCA 2003). Furthermore, "a trial court's decisions about support must be supported by competent substantial evidence and factual findings sufficient to enable this court to determine how the trial court made the decisions it did." *Lennon v. Lennon*, 264 So. 3d 1084, 1085 (Fla. 2d DCA 2019). However, "[w]hether a trial court's mathematical computations are correct is a

question of law which is reviewed *de novo*." *Kareff v. Kareff*, 943 So. 2d 890, 892 (Fla. 4th DCA 2006).

For purposes of adjusting an award of child support, a noncustodial parent exercises a "substantial amount of time" when he or she exercises time-sharing at least 20% of the overnights of the year. § 61.30(11)(b)8., Fla. Stat. (2019). "Where a child spends a substantial amount of time with the noncustodial parent under a timesharing arrangement, a reduction in that parent's child support obligation is mandated." *Dillion v. Dep't of Revenue, Child Support Enf't Program*, 189 So. 3d 353, 354 (Fla. 4th DCA 2016); *see also* § 61.30(11)(b), Fla. Stat. (2019). This method of calculating child support is referred to as the "gross-up method." *Rodriguez v. Medero*, 17 So. 3d 867, 871 n.1 (Fla. 4th DCA 2009).

Here, the trial court correctly calculated the child support amount to be $750 per month before any consideration that the parties exercise a substantial amount of time-sharing with the child. However, the trial court failed to take the next step and apply the gross-up method. *See* § 61.30(11)(b), Fla. Stat. (2019); *Dillion*, 189 So. 3d at 354. Based on the time-sharing schedule, Father clearly spends more than 20% of overnights in even-numbered years but less than 20% of overnights in odd-numbered years. This requires a reduction in the child support owed in even-numbered years.

Based on the foregoing, we remand with instructions for the trial court to recalculate the child support award and take into consideration the substantial amount of time Father spends with the child in the even-numbered years. Because the child support award will differ between even and odd-numbered years, on remand, the trial court may order an award that averages the two figures. *See Lopez v. Lopez*, 994 So. 2d 374, 375–76 (Fla. 3d DCA 2008) (holding that the trial court did not abuse its discretion when it ordered an averaged amount of child support when the father's time-sharing with the children changed every year); *see also* § 61.30(11)(a)11., Fla. Stat. (2019) (providing that a court may make any other adjustment to the total minimum child support "that is needed to achieve an equitable result").

*Affirmed in part and reversed and remanded in part.*

LEVINE, C.J., and FORST, J., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***