PER CURIAM.
Cindy Dottaviano (“Wife”) appeals the final order entered after the entry of the final judgment that dissolved her marriage to Michael Dottaviano (“Husband”).[1] The order on appeal considered numerous remaining issues, including child support, equitable distribution of marital assets and liabilities, and alimony. On appeal, Wife contends the lower court erred in: (1) imputing income to her; (2) awarding exclusive use and possession of the marital home to Husband rather than partitioning the home; (3) setting alimony; and (4) setting child support.
In imputing income to Wife, the trial court determined that the monthly amount of $3,833.00 was appropriate. Wife contends that this was error because the trial court did not find that she was voluntarily unemployed or underemployed, and it did not address the evidence presented that she was trying to find work, but could not. We agree. Section 61.30(2)(b), Florida Statutes, provides in pertinent part that “[m]onthly income shall be imputed to an unemployed or underemployed parent if such unemployment or underemployment is found by the court to be voluntary on that parent’s part.'...” Thus, courts employ a two-step analysis when deciding whether to impute income to a former spouse. First, the trial court must determine that termination of employment was voluntary. Ensley v. Ensley, 578 So.2d 497, 499 (Fla. 5th DCA 1991). “[S]econd, the court must determine whether the individual’s subsequent unemployment or underemployment resulted from the spouse’s pursuit of his own interests or through less than diligent and bona fide efforts to find employment paying income at a level equal to or better than that formerly received.” Id. Here, the trial court failed to make any findings that Wife was voluntarily unemployed or underemployed and also failed to consider the evidence presented that she was diligently attempting to find another job, either part-time or 'full-time, but she was unsuccessful. We believe that the trial *100 court also failed to properly consider that “the spouse claiming income should be imputed to the unemployed or underemployed spouse bears the burden of showing both employability and that jobs are available.” Julia v. Julia, 146 So.3d 516, 522 (Fla. 4th DCA 2014) (quoting Durand v. Durand, 16 So.3d 982, 985 (Fla. 4th DCA 2009)). Accordingly, that part of the order imputing income to Wife must be reversed.
Because the erroneous imputation of income affected the trial court’s order regarding alimony and child support, those awards must also be reversed. On remand the trial court is to make the appropriate findings and ensure that the party with the burden of proof meets that burden before imputing income to Wife.
As to the issue of the marital home, Wife requested that the trial court partition the home. She argues in this appeal that it was error for the trial court to deny that request and, instead, award exclusive use and possession of the home to Husband, who was the primary residential parent of the parties minor son. We agree. Although the general rule is that the trial court should award the primary residential parent exclusive use and possession of the marital residence until the child reaches majority or is emancipated, special circumstances may justify partition and sale of the marital home “where the parties’ incomes are inadequate to meet their debts, obligations, and normal living expenses, as well as the expense of maintaining the marital residence.” Coristine v. Coristine, 53 So.3d 1204, 1204 (Fla. 5th DCA 2011). In Martin v. Martin, 959 So.2d 803 (Fla. 1st DCA 2007), for example, the First District Court found special circumstances that justified the partition of the marital home where the parties resided in the marital residence for a short period of time, they lacked other significant marital assets, and there was a large differential in relative earning power between the former spouses. We believe that those special circumstances exist in the instant case and warrant partition of the marital home. Wife correctly argues that the family had lived in the marital home for a short period of time when the parties separated, the parties do not have any other significant marital assets, and there is a large difference in the parties’ earning capacity. Wife also correctly argues that the payments related to the marital home are significant and Husband could find a place for himself and the minor child to live that is less expensive.
Accordingly, because the court erred in imputing $3,833 per month in income to Wife, we reverse the order under review and remand this case so the trial court can reconsider the issues of imputation of income, alimony, and child support. On remand the trial court shall also order the home partitioned.
REVERSED and REMANDED.
SAWAYA, ORFINGER and COHEN, JJ., concur.

. The parties agreed that a final judgment of dissolution of marriage would be entered and that the trial court would reserve jurisdiction to hear the issues raised in this appeal at a later date. Hence the order we now review titled "Order on Remaining Issues Subsequent to Final Judgment of Dissolution of Marriage.”