IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CINDY L. DOTTAVIANO,

       Appellant,

 v.                            Case No.  5D16-1322

MICHAEL A. DOTTAVIANO,

       Appellee.

_____/

Opinion filed June 2, 2017

Appeal from the Circuit Court
for St. Johns County,
Clyde E. Wolfe, Judge.

Cindy L. Dottaviano, Palm Beach, pro se.

Scott Ellerin, and Stefani K. Nolan, of Kenny
Leigh & Associates, Daytona Beach, for
Appellee.

PER CURIAM.

We remanded this cause to the trial court to reconsider the imputation of income to Appellant, alimony, and child support, as well as for partition of the marital home. *Dottaviano v. Dottaviano,* 170 So. 3d 98 (Fla. 5th DCA 2015).  Upon remand, the trial court again imputed income to Appellant, albeit in a slightly smaller amount.  Appellant once again challenges this conclusion.  We agree with Appellant that the trial court erred

in imputing income to her. We also conclude that the trial court erred in calculating Appellant's monthly need and in setting her equity share in the former marital home.

Pursuant to section 61.30(2)(b), Florida Statutes, once a trial court finds a party is underemployed, it must consider the party's "employment potential and probable earnings level" based on "recent work history, occupational qualifications, and prevailing earnings level in the community if such information is available." While a court may impute income to a spouse earning less than she could with the use of her best efforts, there must be competent, substantial evidence supporting the determination that the spouse could earn the imputed amount. *LaFlam v. LaFlam*, 854 So. 2d 809, 810 (Fla. 2d DCA 2003). The trial court's imputation of income in this case was not supported by substantial, competent evidence. Accordingly, on remand, the trial court shall recalculate alimony and child support without imputing any income to Appellant.

In addition, the trial court erred in rejecting some of Appellant's monthly expenses in computing her need. Without explanation, the trial court omitted the amounts Appellant listed for payments on her car, entertainment for her and the children, club dues and memberships, monthly gifts, religious contributions, education expenses, and tax liability on alimony. Conversely, the court allowed similar expenses for Appellee in computing his net income. On remand, the trial court shall re-compute Appellant's monthly need, including these expenses, unless it provides a specific explanation for their exclusion.

Lastly, although the trial court complied with our instruction to order the partition of the martial home, it determined Appellant's share of the equity based upon the assumptions made under its prior order granting Appellee possession of the home. On

2

remand, the trial court shall compute Appellant's equity share based upon the home's actual selling price.

REVERSED AND REMANDED.

TORPY, EVANDER and WALLIS, JJ., concur.