# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-1433
LT Case No. 2003-DR-000332

_____

MYRIELLE LEMOINE,

    Appellant,

    v.

KEVIN L. JACKSON, SR,

    Appellee.

_____

On appeal from the Circuit Court for Seminole County.
Michael J. Rudisill, Judge.

Sara Howeller, of Law Office of Sara Howeller, Sanford,
for Appellant.

Kevin L. Jackson, Sr., Sanford, pro se.

December 29, 2023

WALLIS, J.

In this post-judgment paternity case, Myrielle Lemoine ("Appellant") appeals an order denying her motion to modify child support and granting Kevin Jackson ("Appellee") motion to modify child support. Because competent, substantial, albeit conflicting evidence supported the trial court's conclusion that Appellant's underemployment was voluntary, we affirm the denial of Appellant's modification request without further discussion. We also affirm, in part, the granting of Appellee's modification request

based on the parties' stipulation to a substantial change in the parties' incomes. However, we reverse, in part, the trial court's imputation of income to Appellant and remand for recalculation of child support.

As the party seeking to impute income, Appellee has the burden to present competent, substantial evidence that:

> a. The unemployment or underemployment is voluntary; and
>
> b. Identifies the amount and source of the imputed income, through evidence of income from available employment for which the party is suitably qualified by education, experience, current licensure, or geographic location, . . . .

§ 61.30(2)(b)1., Fla. Stat. (2022). Although Appellee presented sufficient evidence that Appellant's underemployment in 2014 was voluntary, the trial court's imputation of $160,000 in annual income from her last child support payment in 2015 until December 18, 2019, was based solely on her 2012 income. Appellee failed to present any evidence of available employment at that income level, for which Appellant was qualified, during the imputation time period. *See, e.g.*, *Gillespie v. Holdsworth*, 333 So. 3d 278, 281 (Fla. 2d DCA 2022) (reversing imputation of income to former wife where former husband relied solely on evidence of former wife's work history); *Jorgensen v. Tagarelli*, 312 So. 3d 505, 507 (Fla. 5th DCA 2020) ("As the party seeking to impute income, Former Husband bears the burden to show 'both employability and that jobs are available.'" (quoting *Dottaviano v. Dottaviano*, 170 So. 3d 98, 100 (Fla. 5th DCA 2015))). Accordingly, we reverse the imputation of income to Appellant and remand for recalculation of child support in accordance with section 61.30 for the period from Appellant's last payment of child support in 2015 until December 18, 2019. *See, e.g.*, *Piccinini v. Waxer*, 321 So. 3d 943, 946 (Fla. 5th DCA 2021) (reversing and remanding award of retroactive child support for recalculation without imputation of income).

Appellant's remaining arguments regarding the calculation of child support and award of prejudgment interest were either not preserved for appeal or lack merit.

AFFIRMED in part. REVERSED in part. REMANDED with instructions.

EISNAUGLE and BOATWRIGHT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____